Benjamin Heikali SBN 307466
Email: bheikali@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885

Lubna M. Faruqi (pro hac vice forthcoming)
James M. Wilson, Jr. (pro hac vice forthcoming)
Robert W. Killorin (pro hac vice forthcoming)
Email: lfaruqi@faruqilaw.com
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiff Huixi Zhao*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN,<br><br>Defendants. | No. 8:20-cv-01540-DOC-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUIXI ZHAO'S MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>Judge: Hon. David O. Carter<br>Hearing Date: November 16, 2020<br>Time: 8:30 a.m.<br>Courtroom: 9D |

*(captions continue on next page)*

| | |
|---|---|
| PETER CHAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN,<br><br>Defendants. | No. 8:20-cv-01886-DOC-JDE |
| SUBRAMANIAN LALGUDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN,<br><br>Defendants. | No. 8:20-cv-01910-DOC-JDE |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND ......................................................................................3

ARGUMENT ............................................................................................................4

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL
        PURPOSES..............................................................................................4

II.     ZHAO SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE
        CLASS ....................................................................................................6

        A.     The PSLRA's Provisions Concerning The Appointment Of A
               Lead Plaintiff ...............................................................................6

        B.     The PSLRA Requires That Zhao Be Appointed Lead Plaintiff...........7

               1.     Zhao Filed a Timely Motion.........................................7

               2.     Zhao Has the Largest Financial Interest in the Relief Sought
                      by the Class ...........................................................7

               3.     Zhao Satisfies Rule 23's Typicality and Adequacy
                      Requirements .........................................................9

III.    ZHAO'S SELECTION OF THE FARUQI FIRM AS LEAD
        COUNSEL SHOULD BE APPROVED .......................................................11

CONCLUSION ........................................................................................................14

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Andrade v. Am. Apparel, Inc.*,
    No. 10-06352 MMM, 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) ..............9

*Apple v. LJ Int'l, Inc.*,
    No. CV 07-6076 GAF, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008) .............10

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................2, 6, 7, 9

*City of Ann Arbor Emps' Ret. Sys. v. Accuracy Inc.*,
    No. C 09-03362 CW, 2009 WL 3517667 (N.D. Cal. Oct. 26, 2009)...............4, 5

*In re Countrywide Fin. Corp. Sec. Litig.*,
    273 F.R.D. 586 (C.D. Cal. 2009)....................................................10

*Deinnocentis v. Dropbox, Inc.*,
    No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ..................9

*Doherty v. Pivotal Software, Inc.*,
    No. 3:19-cv-03589-CRB, 2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) .............5

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004)....................................................9

*Ferreria v. Funko, Inc.*,
    No. 2:20-cv-02319, 2020 WL 3246328 (C.D. Cal. June 11, 2020) .....................1

*Feyko v. Yuhe Int'l Inc.*,
    No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012)................10

*Fragala v. 500.com*,
    No. CV 15-01463 MMM (Ex), 2015 WL 12513580 (C.D. Cal. July 7, 2015)....7

*In re Gentiva Sec. Litig.*,
    281 F.R.D. 108 (E.D.N.Y. 2012)....................................................1

*In re Heritage Bond Litig.*,
    No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004)........9

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF),
    2011 WL 2078010 (S.D.N.Y. May 19, 2011) ..........................................10, 11

*Miller v. Ventro Corp.*,
    No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001).......................5

*Pace v. Quintanilla*,
    No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .........8

*Reitan v. China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) ......................................................11

*Richardson v. TVIA, Inc.*,
    No. C-06-06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .............8

*Romero v. Growlife, Inc.*,
    No. 2:14-cv-3015-CAS(JEMx),
    2014 WL 3734543 (C.D. Cal. July 23, 2014)......................................................9

*Schriver v. Impac Mortg. Holdings, Inc.*,
    No. SACV 06-31, 2006 WL 6886020 (C.D. Cal. May 2, 2006).....................6, 7

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005).........................................................................8

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ...............................................................5

*Weisz v. Calpine Corp.*,
    No. C 02-1200 SBA, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ............5, 6

*Yanek v. Staar Surgical Co.*,
    No. CV 04-8007 SJO, 2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) ................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...........................................................................12

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................*passim*

**Other Authorities**

Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020).....................................................................14

Fed. R. Civ. P. 42(a)...............................................................................2, 4

Ralph Chapoco,
*Calls for Lawyer Diversity Spread to Complex Class Litigation*,
Bloomberg Law (July 30, 2020) ................................................................14

Rule 23(a)(4) ................................................................................................10

Huixi Zhao ("Zhao")[1] respectfully submits this memorandum of points and authorities pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order (1) consolidating the Actions (defined below) and any related actions that may be filed, (2) appointing Zhao as Lead Plaintiff for the Actions and (2) approving Zhao's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court are three securities class actions (the "Actions")[2] brought on behalf of a putative class (the "Class") of persons and entities that purchased or otherwise acquired Alteryx, Inc. ("Alteryx" or the "Company") securities between May 6, 2020 and August 6, 2020, inclusive (the "Class Period"),[3]

---

[1]     Unless stated otherwise, Zhao uses the following conventions herein: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Benjamin Heikali filed herewith.

[2]     The following related complaints are presently pending in this District: (1) *Peter Chau v. Alteryx, Inc. et al.*, No. 8:20-cv-01886-DOC-JDE, which was filed on September 30, 2020; and *Subramanian Lalgudi v. Alteryx, Inc., et al.,* No. 8:20-cv-01910-DOC-JDE ("*Lalgudi*"), which was filed on October 2, 2020.

[3]     The *Lalgudi* action alleges a longer class period, May 6, 2020 to August 7, 2020. *Lalgudi* Compl. ¶ 1. Based on the circumstances here, for the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper . . . ." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Ferreria v. Funko, Inc.*, No. 2:20-cv-02319, 2020 WL 3246328, at *2 n. 2. (C.D. Cal. June 11, 2020) (quoting *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009) (finding the "use [of] the most inclusive class period" proper for the purpose of a lead plaintiff motion).

1

which seeks to recover damages caused by defendants' violations of the Exchange Act.

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate actions before it that involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission (the "SEC") Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company, its former Chief Executive Officer ("CEO"), Dean A. Stoecker, and its current Chief Financial Officer ("CFO"), Kevin Rubin (collectively, "Defendants").  As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a Lead Plaintiff to oversee the Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the action "[a]s soon as practicable . . . ." 15 U.S.C. §§ 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the largest financial interest in the litigation and makes a showing that he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

With total losses of $79,978.68, Zhao, to the best of counsels' knowledge, has the largest financial interest in the litigation of any movant.  Zhao also satisfies Rule 23's typicality and adequacy requirements. Zhao's claims are typical of the Class's claims because he suffered losses on his Alteryx investments as a result of

2

Defendants' false and misleading statements. Further, Zhao has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, his submission of the requisite PSLRA certification, and his selection of experienced class counsel. Accordingly, Zhao is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, Zhao is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Zhao has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because the firm is highly experienced in successfully prosecuting class actions and securities class actions.

For the reasons summarized above and those explained more fully below, Zhao's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Alteryx is a data analytics company that offers a subscription-based platform for customers to access, prepare, and analyze data from a multitude of sources, then deploy and share analytics at scale to make data-driven decisions. ECF No. 1 ¶ 16. Defendant Alteryx is incorporated under the laws of Delaware and maintains its principal executive offices in Irvine, California. *Id.* ¶ 12. Alteryx's common stock trades on the NYSE under the symbol AYX. *Id.*

The complaints in the Actions allege that Alteryx failed to disclose the following during the Class Period: (1) that the Company was unable to close large deals within the quarter and deals were pushed out to subsequent quarters or downsized; (2) that, as a result, Alteryx increasingly relied on adoption licenses to attract new customers; (3) that, as a result and due to the nature of adoption licenses, the Company's revenue was reasonably likely to decline; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business,

3

operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.* ¶ 19.

The truth was revealed to investors on August 6, 2020, after the markets closed, when Alteryx announced its second quarter 2020 financial results. *Id.* ¶ 20. The Company stated that it expected only a 10% to 11% revenue growth for the full year and 7% to 11% revenue growth for the third quarter of 2020. *Id.*

On this news, Alteryx's share price fell $47.62, or more than 28%, to close at $121.38 per share on August 7, 2020. *Id.* ¶ 21.

Through the Action, Zhao seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of Defendants' false and misleading statements.

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered . . . .").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO (CWx), 2004 WL 5574358, at *3, *7-8 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions); *City of Ann Arbor Emps' Ret. Sys. v. Accuracy Inc.*, No. C 09-03362 CW, 2009 WL 3517667, at *1

4

(N.D. Cal. Oct. 26, 2009) ("Consolidation is within the broad discretion of the district court.") (quoting *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *4-5 (N.D. Cal. Nov. 28, 2001) (noting that "slight differences in class periods, parties, or damages . . . does not necessarily defeat consolidation where essential claims and factual allegations are similar" and finding consolidation appropriate where it will avoid unnecessary costs or delays); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact ***and*** law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of Alteryx's securities and subsequently damaged the Class when the price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *3 (N.D. Cal. Nov. 8, 2019) (the Ninth Circuit has recognized that consolidation is particularly appropriate in the context of class action shareholder suits because consolidation expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 WL 32818827, at *2 (N.D. Cal. Aug.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUIXI ZHAO'S MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD COUNSEL No. 8:20-cv-01540-DOC-JDE

19, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims.").

## II.  ZHAO SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.  The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B).

Under the PSLRA, the Court is to consider any timely motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ."  15 U.S.C. §§ 78u-4(a)(3)(B)(i).  The Court's determination is to be based on the PSLRA's rebuttable presumption that the "most adequate plaintiff" is the person who (1) has filed the complaint or made a timely motion for lead plaintiff, (2) possesses the largest financial interest in the litigation, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's competitive process for determining the "most adequate plaintiff"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *2-3 (C.D. Cal. May 2, 2006).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §

6

78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Schriver*, 2006 WL 6886020, at *2 (same).

**B.    The PSLRA Requires That Zhao Be Appointed Lead Plaintiff**

As discussed below, Zhao is entitled to be appointed Lead Plaintiff because Zhao holds the largest financial interest of any movant and he otherwise satisfies Rule 23's typicality and adequacy requirements for class representatives.

**1.    Zhao Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Greg Smith published notice of the lead plaintiff deadline via *BusinessWire* on August 20, 2020. *See* Ex. A; *see also Fragala v. 500.com*, No. CV 15-01463 MMM (Ex), 2015 WL 12513580, at *6 (C.D. Cal. July 7, 2015) (finding publication in *BusinessWire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before October 19, 2020. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Zhao's motion is timely filed.

Additionally, pursuant to the PSLRA, 15 U.S.C. §§ 78u-4(a)(2), Zhao timely signed and submitted the requisite certification, identifying all of the relevant transactions in Alteryx securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff in this case. *See* Ex. B. Therefore, the PSLRA's procedural requirements have been met.

**2.    Zhao Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest

7

financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant possesses the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors in the inquiry: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 WL 1129344, at *4 ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, Zhao acquired 1,756 net shares and 3,236 total shares of Alteryx common stock, expended $247,113.74 in net funds, and suffered losses of $79,978.67 when calculated using a last in, first out methodology. Zhao is unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    Zhao Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 730; *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *5 (C.D. Cal. Mar. 15, 2011) ("Some inquiry as to whether the presumptively most adequate plaintiff is adequate and has claims that are typical is nonetheless necessary under Rule 23 to determine whether there is reason to believe that he has interests at odds with the remainder of the class.").

When assessing a movant's typicality, courts in the Ninth Circuit consider whether other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct."  *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020).  A movant's "claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . is based on the same legal theory."  *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004).  That said, the Lead Plaintiff's claims need not be identical to the Class's claims to satisfy the typicality requirement.  *See Romero v. Growlife, Inc.*, No. 2:14-cv-3015-CAS(JEMx), 2014 WL 3734543, at *2 (C.D. Cal. July 23, 2014) ("Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical."); *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the

9

claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Zhao's claims are typical of the putative Class's claims. Zhao purchased Alteryx common stock during the Class Period, suffered damages as a result of the false and misleading statements contained in the Company's registration statement, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Zhao's claims are similar to those of the Class's claims, he necessarily satisfies the typicality requirements. *See Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represents the Lead Plaintiff, and the Lead Plaintiff has no fundamental conflicts of interest with the interests of the class as a whole. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Zhao's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ.

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUIXI ZHAO'S MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD COUNSEL No. 8:20-cv-01540-DOC-JDE

0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff). Additionally, Zhao has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Ex. C.  Consequently, Zhao is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Zhao respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Actions.

## III.   ZHAO'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.  Zhao has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. C; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases.").  For example, the Faruqi Firm has previously obtained significant recoveries for injured investors.  *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement);

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUIXI ZHAO'S MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD COUNSEL No. 8:20-cv-01540-DOC-JDE

*In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8065 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02 CV-5878 (FLW) (D.N.J. 2006)

12

(where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharms., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (appointed as sole lead counsel for the class); *Malhotra v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating

---

[4]    *See* Ex. D (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business (renewal pending)).

13

complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar. *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/ articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG 000000?bna_news_filter=social-justice&jcsearch=BNA. Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, Zhao respectfully requests that the Court (1) consolidate the Actions; (2) appoint Zhao as Lead Plaintiff for the Action; (3) approve his selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  October 19, 2020                  Respectfully submitted,

                                          By: /s/ *Benjamin Heikali*
                                              Benjamin Heikali

                                          **FARUQI & FARUQI, LLP**
                                          Benjamin Heikali SBN 307466

14

10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885
Email: bheikali@faruqilaw.com

Lubna M. Faruqi (pro hac vice forthcoming)
James M. Wilson, Jr. (pro hac vice forthcoming)
Robert W. Killorin (pro hac vice forthcoming)
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: lfaruqi@faruqilaw.com
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Huixi Zhao and [Proposed] Lead Counsel for the Class*

15

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HUIXI ZHAO'S MOTION FOR (1) CONSOLIDATION, (2) APPOINTMENT AS LEAD PLAINTIFF AND (3) APPROVAL OF LEAD COUNSEL No. 8:20-cv-01540-DOC-JDE**