**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel:  (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys For Bhavin Patel*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SMITH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN, <br><br> Defendants. | No. 8:20-cv-01540-DOC-JDE <br><br> **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF BHAVIN PATEL FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. David O. Carter <br> Date:  November 16, 2020 <br> Time: 8:30 a.m. <br> Courtroom #9D |
| SUBRAMANIAN LALGUDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN, <br> Defendants. | No. 8:20-cv-01910-DOC-JDE <br><br> Judge: Hon. David O. Carter |

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................1

II.     STATEMENT OF FACTS.....................................................................2

III.    ARGUMENT .......................................................................................3

   A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ...............3

   B.   MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE................................................................................4

      1. The Procedure Required by the PSLRA ...................................4

         a. Movant Is Willing to Serve As Class Representative..........................5

         b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ..............................................................6

   C.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ...............................................................6

         a. Movant's Claims are Typical of the Claims of all the Class Members ....................................................................7

         b. Movant Will Adequately Represent the Class ....................................8

   D.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE................................................................................9

IV.     CONCLUSION .................................................................................10

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)....................................................................1, 6, 7

*Crawford v. Honig*,
   37 F.3d 485 (9th Cir. 1994)...................................................................9

*In re Drexel  Burnham Lambert Group*,
   960 F.2d 285 (2d Cir. 1992)..................................................................8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ..........................................................8

*Francisco v. Abengoa, S.A.*,
   No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016)..........10

*Gen. Tel. Co. of the Southwest v. Falcon*,
   457 U.S. 147 (1982) ...............................................................................8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)...............................................................8

*Haung v. Acterna Corp.*,
   220 F.R.D. 255 (D. Md. 2004).................................................................7

*Hufnagle v. Rino Int'l Corp.*,
   No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb.
   14, 2011)..................................................................................................4

*Inchen Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................10

*Isaacs v. Musk,*
   No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ........10

*Levin v. Res. Capital Corp.*,
   No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) ........10

*Maiden v. Merge Techs., Inc.*,
   No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........6

*In re Milestone Sci. Sec. Litig.*,
   183 F.R.D. 404 (D.N.J. 1998)...............................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................8

*Pope v. Navient Corp.*,
   No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018) ........10

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)..................................................................8

*Takeda v. Turbodyne Techs., Inc.,*
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...............................................................7

*In re Tesla, Inc. Sec. Litig.,*
    No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018).........10

*Weiss v. York Hosp.,*
    745 F.2d 786 (3d Cir. 1984)................................................................................8

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................passim

Fed. R. Civ. P. 42(a) .....................................................................................................3

## I.   PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions")[1] brought on behalf of all persons who purchased or otherwise acquired the securities of Alteryx, Inc. ("Alteryx" or the "Company") between May 6, 2020 and August 7, 2020, inclusive (the "Class Period"). Plaintiff in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Dean A. Stoecker ("Stoecker"), and Kevin Rubin ("Rubin") (collectively, "Defendants").[2]

Movant Bhavin Patel ("Movant") lost approximately $34,590.98 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions, (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff Movant that has the largest financial interest in the litigation and has made a *prima facie* showing that she is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment

---

[1] The two actions pending in this Court are entitled *Smith v. Alteryx, Inc., et al.,* C.A. No. 8:20-cv-01540 (C.D. Cal. Aug. 19, 2020) (the "*Smith* Action"); and *Lalgudi v. Alteryx, Inc., et al.,* C.A. No. 8:20-cv-01910 (C.D. Cal. Oct. 2, 2020) (the "*Lalgudi* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[3] Movant's certifications identifying his transactions during the Class Period and a

as Lead Plaintiff. Moreover, Movant satisifies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.   STATEMENT OF FACTS

Alteryx is a data analytics company that offers a subscription-based platform for customers to access, prepare, and analyze data from a multitude of sources, then deploy and share analytics at scale to make data-driven decisions. ¶ 2.[5] The Company is based in Irvine, California and its securities trade on the New York Stock Exchange "NYSE"  under the ticker symbol "AYX." ¶ 11.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company was unable to close large deals within the quarter and deals were pushed out to subsequent quarters or downsized; (2) that, as a result, Alteryx increasingly relied on adoption licenses to attract new

---

chart detailing his losses are attached to the Declaration of Adam M. Apton, dated October 19, 2020 ("McCall Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Smith* Complaint") filed in the *Smith* Action. Citations to "*Lalgudi* ¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Lalgudi* Complaint") filed in the *Lalgudi* Action. The facts set forth in the *Smith* and *Lalgudi* Complaints are incorporated herein by reference.

customers; (3) that, as a result and due to the nature of adoption licenses, the Company's revenue was reasonably likely to decline; and (4) that, as a result of the foregoing, *Id.*

On August 6, 2020, Alteryx announced in a press release its second quarter 2020 financial results, and disappointing growth projections for the third quarter and full year 2020. ¶ 3. On this news, the Company's share price fell $47.62, or over 28%, to close at $121.38 per share on August 7, 2020, thereby injuring investors. ¶ 4.

The following day, August 7, 2020, multiple analysts published disappointing reports regarding Alteryx's second quarter 2020 financial results as the market digested the news. *Lalgudi* ¶¶ 20-22. On this news, Alteryx's stock price fell $47.62, or more than 28%, to close at $121.38 per share on August 7, 2020, on unusually heavy trading volume. *Lalgudi* ¶ 23.

That same day, after the market closed,  Alteryx filed its Quarterly Report on Form 10-Q foprt he period ended June 30, 2020. *Lalgudi* ¶ 24. The Report further disclosed Alteryx's issues with decreased customer engagement and delayed sales cycles. *Lalgudi* ¶¶ 24-25. On this news, Alteryx's stock price fell $12.15, or 10%, to close at $109.23 per share on August 10, 2020, on unusually heavy trading volume. *Lalgudi* ¶ 26.

## III.   ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before addressing the lead plaintiff/lead counsel issues. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a).

The actions pending before this Court are suited for consolidation. The class action complaints are all brought by purchasers of Alteryx securities. The complaints allege nearly identical class periods and contain nearly identical

allegations charging Defendants with making false and misleading statements concerning the safety and commercial viability of its lead product candidates.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp*., No. CV 10-8695-VBF-VBKx, 2011 U.S. Dist. LEXIS 19771, at *6-7 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and identical Defendants, warrant consolidation of the Actions.

## B.     MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

### 1.     The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the  court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a.  Movant Is Willing to Serve As Class Representative

On August 20, 2020, counsel in the *Smith* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Alteryx and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Smith* Action.[6]

Movant has reviewed the complaint filed in the *Smith* Action and has timely filed his motion pursuant to the Notice.

---

[6] The *Smith* Action was filed in this Court on August 19, 2020. The following day, August 20, 2020, the Notice was published over *Business Wire*, a widely-circulated national business- oriented wire service. See Apton Decl. Ex. C.

MEMORANDUM OF POINTS AND AUTHORITIES OF BHAVIN PATEL
Case No. 8:20-cv-01540-DOC-JDE, 8:20-cv-01910-DOC-JDE

**b.** **Movant Has the Requisite Financial Interest in the Relief Sought by the Class**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff Movant or movants with the largest financial loss in the relief sought by the Actions. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc*., No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold her shares, if she sold her shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Alteryx securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 3,200 shares of Alteryx stock; (2) expended $222,108.12 on his purchases of Alteryx stock; (3) retained 1,600 shares of Alteryx stock; and (4) suffered a substantial loss of $34,590.98 in connection with his purchases of Alteryx securities. *See* Apton Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**C.** **Movant Satisfies the Requirements of Rule 23(a) of the Federal**

**Rules of Civil Procedure**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the

representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired Alteryx securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests

of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the Class members, demonstrates that he will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

### D.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* McCall Decl. Ex. D (Levi & Korsinsky's firm resume, respectively). *See also Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or Lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373-RBK-AMD, 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel).

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving Levi & Korsinsky as Lead Counsel for the

Class.

Dated: October 19, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com
Email: amccall@zlk.com

*Proposed Lead Counsel for Movant*

**CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On October 19, 2020, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF BHAVIN PATEL FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 19, 2020.

 */s/ Adam M. Apton*
Adam M. Apton