# Exhibit 3

**JOINT DECLARATION IN SUPPORT OF
THE ALTERYX INVESTOR GROUP'S MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We, Nancy and Robert Ball (husband and wife) and Michael Kazmer (collectively, the "Alteryx Investor Group") respectfully submit this Joint Declaration in support of our Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (the "Joint Declaration"). We each have personal knowledge about the information contained in this Joint Declaration as to ourselves.

2. We are each informed of and understand the requirements of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We understand that each of us could have chosen to pursue individual actions, individual motions for appointment as lead plaintiff, or taken no action and remained absent class members. However, the members of the Alteryx Investor Group have decided to move for lead plaintiff in this case jointly because we believe that combining our collective resources and knowledge will best serve the Class.[1]

3. I, Nancy Ball, as reflected in my Certification, purchased Alteryx securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action.[2] I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I currently reside in Elkridge, Maryland and I am a Regional

---

[1] The "Class" consists of Alteryx, Inc. ("Alteryx" or the "Company") investors, who purchased or otherwise acquired Alteryx securities between May 6, 2020 and August 7, 2020, inclusive (the "Class Period").

[2] The "Action" includes the three related securities class actions filed in the United States District Court for the Central District of California as further detailed below.

1

Sales Manager. I am a sophisticated investor with over twenty years of investing experience. I decided to seek appointment as lead plaintiff with Robert Ball and Michael Kazmer after learning of their motivation to recover on behalf of investors and that we were each in discussions with Bragar Eagel & Squire, P.C. ("BES") to pursue claims on behalf of the Class.

4.       I, Robert Ball, as reflected in my Certification, purchased Alteryx securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I am a sophisticated investor with over twenty years of investing experience. I work in Customer Relations, and currently reside in Elkridge, Maryland. I decided to seek appointment as lead plaintiff with Nancy Ball and Michel Kazmer after learning of their motivation to recover on behalf of investors and that we were each in discussions with BES to pursue claims on behalf of the Class.

5.       I, Michael Kazmer, as reflected in my Certification, purchased Alteryx securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this Action. I am motivated to recover this loss for my own benefit and the benefit of all members of the Class. I am a sophisticated investor with approximately thirty-six years of investing experience. I am currently employed as a Financial Advisor, and reside in Santa Barbara, California. I decided to seek appointment as lead plaintiff with Nancy and Robert Ball after learning of their motivation to recover on behalf of investors and that we were each in discussions with BES to pursue claims on behalf of the Class.

6.       On August 19, 2020, Greg Smith filed a putative class action (the "*Smith* Action") in this District, on behalf of all those who purchased or otherwise acquired Alteryx securities between May 6, 2020 and August 6, 2020, inclusive. The *Smith* Action seeks relief against

2

Alteryx and certain of the Company's senior officers for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission.

7. On September 30, 2020, Peter Chau commenced a nearly identical action in this District, on behalf of the same class and asserting the same claims against the same defendants as the *Smith* Action (the "*Chau* Action").

8. On October 2, 2020, Subramanian Lalgudi commenced a nearly identical action in this District, on behalf of all those who purchased or otherwise acquired Alteryx securities between May 6, 2020 and August 7, 2020, asserting the same claims against the same defendants as the *Smith* Action and *Chau* Action, but expanding the Class Period.

9. We believe that we will provide exemplary representation to the Class of investors who purchased Alteryx securities during the Class Period. After discussing the allegations against Alteryx, the procedural background of the Action, the process of appointing a lead plaintiff in cases such as this, and attorneys' fees, we learned of each other's existence and similar willingness to litigate the claims of the Class.

10. We are like-minded investors who contacted and retained BES. We believe that the allegations against Alteryx are meritorious and that the Class will benefit from having a small, cohesive group of highly motivated investors with substantial financial interests at stake as lead plaintiff. We each decided to work together as a small group of investors in order to collaborate and exercise joint decision-making. We agree to work collaboratively to represent all Alteryx shareholders who suffered damages during the Class Period and to ensure that the Class achieves the largest recovery possible.

11. We each understand that, if appointed, we would owe a fiduciary duty to the Class

3

to provide effective representation and to ensure that lead counsel effectively litigates the Action. Each of us understands that if we are appointed as lead plaintiff, we will owe a duty to the putative Class to provide fair and adequate representation, oversee counsel, and obtain the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy.  Each of us will do our best to maximize the recovery for the Class.

12.    If appointed as lead plaintiff, we agree to actively manage the prosecution of the Action including reviewing documents, having joint calls, discussing through email any developments, participating in discovery, and exercising joint decision-making to execute a strategy to maximize the recovery of the entire Class.  We are confident in our ability to reach joint decisions regarding litigation matters.  We agree that we will share our perspectives, experiences, and resources and will remain actively involved to ensure the Class is afforded the highest degree of representation.

13.    We select BES to serve as lead counsel on behalf of the Class and believe BES has the experience and ability to effectively and expeditiously bring the Action to a close and achieve a strong recovery on behalf of the Class.  We are familiar with the experience, resources, and successes of our proposed lead counsel, BES.  We are well aware that BES is an accomplished law firm with a history of achieving significant settlements and corporate governance reforms with defendants.  Indeed, we believe that the firm's prior experience of effectively litigating complex class action lawsuits will provide comfort that the proposed Class will receive the best possible representation.  We also believe that BES will vigorously prosecute this Action in a cost-effective manner and in the best interests of all members of the putative Class.

14.    It is our goal to resolve this Action in an expeditious manner that is fair to all members of the Class.  Through supervision of our chosen counsel, BES, we will ensure that the

4

Action is prosecuted for the benefit of the Class in an efficient and effective manner. In that regard, we will direct BES to prosecute the Action in such a way to achieve a fair result for all members of the Class.

15. We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that meetings, conference calls, and communications may be conducted without counsel. We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute this Action. We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation.

16. We have also directed counsel to keep us informed of any developments in the Action—including any developments in the lead plaintiff proceedings. To this end, we will continue to direct lead counsel and oversee the prosecution of this Action for the benefit of the Class by reviewing pleadings, orders, and motion papers and conferring amongst ourselves. Further, we agreed that we will make ourselves available to personally travel for any appearances, depositions, settlement hearings, and other necessary meetings to facilitate the prosecution of this Action.

17. We, Nancy and Robert Ball and Michael Kazmer hereby reaffirm our commitment to satisfying the fiduciary duties that we will owe to the Class if appointed as Lead Plaintiff, including conferring with counsel regarding litigation strategy, attending court proceedings and depositions, if necessary, and reviewing documents, pleadings, and motions in this Action. Our main goal is obtaining the largest recovery possible for the Class.

5

I, Nancy Ball, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this 17 day of October, 2020.

Nancy Ball (Oct 17, 2020 21:51 EDT)

Nancy Ball

I, Robert Ball, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the

foregoing is true and correct.

Executed this 17 day of October, 2020.

*RobertDavidBall*
RobertDavidBall (Oct 17, 2020 21:44 EDT)

Robert Ball

I, Michael Kazmer, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury that the foregoing is true and correct.

Executed this ¹⁹ day of October, 2020.

Michael J Kazmer (Oct 19, 2020 06:39 PDT)

Michael Kazmer