POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
jpafiti@pomlaw.com
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190

*Counsel for Lead Plaintiff Movants*
*Alejandro Handal, Steven Cardoza, and*
*Homayon Farnoodymeher and Proposed*
*Lead Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| GREG SMITH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN, <br><br> Defendants. | Case No. 8:20-cv-01540-DOC-JDE <br><br> MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF ALEJANDRO HANDAL, STEVEN CARDOZA, AND HOMAYON FARNOODYMEHER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS <br><br> DATE: November 16, 2020 <br> TIME: 8:30 p.m. <br> JUDGE: David O. Carter <br> CTRM: 9D |

- *caption continues on following page -*

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

PETER CHAU, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN,

      Defendants.

Case No. 8:20-cv-01886-DOC-JDE

SUBRAMANIAN LALGUDI, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

ALTERYX, INC., DEAN A. STOECKER, and KEVIN RUBIN,

      Defendants.

Case No. 8:20-cv-01910-DOC-JDE

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ........................................................................1

II.     ARGUMENT....................................................................................................4

    A.      The Alteryx Investor Group Should Be Appointed Lead Plaintiff...........4

        1.      The Alteryx Investor Group Has The Largest Financial Interest In The Relief Sought By The Class........................................................ 5

        2.      The Alteryx Investor Group Satisfies The Requirements Of Rule 23 ................................................................................................ 6

    B.      The Alteryx Investor Group's Selection of Counsel Should Be Approved .................................................................................................9

III.    CONCLUSION.................................................................................................10

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bruce v. Suntech Power Holdings Co.*, No. 12-cv-04061-RS,
2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ....................................................... 4, 6, 8

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ............................................................................................. 3, 7, 8

*Ferreira v. Funko, Inc.*, No. 20-cv-02319,
2020 WL 3246328 (C.D. Cal. June 11, 2020) .......................................................... 4, 8

*Harari v. PriceSmart, Inc.*, 19-cv-958-JLS-LL,
2019 WL 4934277 (S.D. Cal. Oct. 7, 2019) .............................................................. 3, 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..................................................................................... 5, 7

*Johnson v. OCZ Tech. Grp., Inc.*, No. 12-cv-05265-RS,
2013 WL 75774 (N.D. Cal. Jan. 4, 2013) .................................................................. 4, 8

*Karinski v. Stamps.com, Inc.*, 19-cv-1828-R,
2019 WL 8013753 (C.D. Cal. June 5, 2019) ............................................................. 3, 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ..................................................................... 2, 5

*Osher v. Guess?, Inc.*, No. 01-cv-00871,
2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ................................................................. 9

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
2016 WL 2654351 (N.D. Cal. May 10, 2016) ......................................................... 4, 8, 9

*Vataj v. Johnson*, 19-cv-06996-HSG,
2020 WL 532981 (N.D. Cal. Feb. 3, 2020) ............................................................... 3, 7

## Statutes

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................... 5

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

ii

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................. 1, 3, 4, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ...................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .............................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 9

PSLRA ........................................................................................................................*passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 .................................................................*passim*

MEMORANDUM OF POINTS AND AUTHORITIES

Movants Alejandro Handal, Steven Cardoza, and Homayon Farnoodymeher (collectively, the "Alteryx Investor Group")[1] respectfully submit this Memorandum of Law in further support of their motion for consolidation of the above-captioned actions (the "Related Actions"), appointment as Lead Plaintiff, and approval of their selection of Pomerantz and GPM as Lead Counsel (Dkt. No. 17); and in opposition to the competing motions of (i) Huixi Zhao ("Zhao") (Dkt. No. 9); Bhavin Patel ("Patel") (Dkt. No. 13); and Nancy Ball, Robert Ball, and Michael Kazmer (collectively, the "Ball Group") (Dkt. No. 15).

## I.     PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Alteryx securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Alteryx Investor Group, having alleged the largest financial interest among the competing movants, by a significant margin, assessed with reference to the four *Lax* factors: shares purchased, funds expended, net shares purchased

---

[1] All capitalized terms herein are defined in the Alteryx Investor Group's moving brief, unless otherwise indicated.  *See* Dkt. No. 18.

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

1

(*i.e.*, shares retained), and monetary loss. *See*, *e.g.*, *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). The chart below compares the financial interests of the Alteryx Investor Group to those of the other movants:

| Movant | Financial Interest | | | |
| --- | --- | --- | --- | --- |
| | Shares Purchased | Funds Expended | Retained Shares | Monetary Loss |
| Alteryx Investor Group | 14,259 | $2,085,434 | 11,879 | $262,024 |
| *Handal* | *10,000* | *$1,400,000* | *10,000* | *$139,994* |
| *Cardoza* | *1,875* | *$283,761* | *1,875* | *$74,327* |
| *Farnoodymeher* | *2,384* | *$401,673* | *4* | *$47,703* |
| Zhao | 3,236 | $496,141 | 2,686 | $81,156 |
| Patel | 3,200 | $417,482 | 1,600 | $39,581 |
| Ball Group | 716 | $110,918 | 716 | $26,092 |
| *N. Ball* | *125* | *$20,038* | *125* | *$10,167* |
| *R. Ball* | *166* | *$29,834* | *166* | *$10,696* |
| *Kazner* | *425* | *$61,046* | *425* | *$26,092* |

As the above chart reflects, the Alteryx Investor Group possesses the largest financial interest in the action by a significant margin, assessed in terms of any of the *Lax* factors or any combination thereof. Not only does the group possess a larger financial interest, by any relevant metric, than any other movant, it possesses a larger financial interest than all of the competing movants **combined**. *See* Dkt. No. 19-3. Moreover, one Alteryx Investor Group member, Mr. Handal, possesses a larger financial interest, individually, than any competing movant or movant group. It cannot be credibly disputed that the Alteryx Investor Group possesses the largest financial interest in this litigation.

The Alteryx Investor Group also satisfies the typicality and adequacy requirements of Rule 23. The members of the Alteryx Investor Group, like all members of the Class,

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

2

purchased Alteryx securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23. *Vataj v. Johnson*, 19-cv-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). The significant losses incurred by the Alteryx Investor Group's members give them a sufficient stake in this litigation's outcome to ensure vigorous prosecution; the Alteryx Investor Group's members are aware of no conflict between their interests and those of the putative Class; and in Pomerantz and GPM, the Alteryx Investor Group has retained qualified and experienced class counsel. *Karinski v. Stamps.com, Inc.*, 19-cv-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-cv-958-JLS-LL, 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).

In addition, the Alteryx Investor Group is a small and cohesive group, consisting of only three investors, the appointment of which is expressly permitted by the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Supreme Court recently acknowledged the propriety of appointing such groups in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups"). The Alteryx Investor Group has further demonstrated its adequacy by its submission of a Joint Declaration with its motion papers, attesting to, *inter alia*, the

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

3

respective backgrounds of the group's members, their communications with one another before the filing of their lead plaintiff motion, their understanding of the significance of their motion, and their readiness to supervise counsel and jointly prosecute this action if appointed as lead plaintiffs. *See generally* Dkt. No. 19-4. Courts in this Judicial District and the Ninth Circuit routinely appoint as lead plaintiffs by investor groups who have made such a showing. *See*, *e.g.*, *Ferreira v. Funko, Inc.*, No. 20-cv-02319, 2020 WL 3246328, at *9 (C.D. Cal. June 11, 2020); *Johnson v. OCZ Tech. Grp., Inc.*, No. 12-cv-05265-RS, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013); *Bruce v. Suntech Power Holdings Co.*, No. 12-cv-04061-RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016).

For the reasons set forth herein, the Alteryx Investor Group respectfully submits that its motion should be granted in its entirety, and that the competing motions should be denied.

## II.   ARGUMENT

### A.   The Alteryx Investor Group Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

4

*In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is the Alteryx Investor Group.

### 1. The Alteryx Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District assess "financial interest" with reference to the four *Lax* factors: (1) shares purchased; (2) funds expended; (3) net shares purchased (*i.e.*, retained shares); and (4) monetary loss. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

Here, no movant seeking appointment as lead plaintiff in the Related Actions has alleged a larger financial interest in the litigation assessed with respect to ***any*** of the four *Lax* factors than the Alteryx Investor Group. The following chart summarizes the Alteryx Investor Group's substantial financial interest compared to those of the competing movants:

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

5

| Movant | Financial Interest | | | |
| | Shares Purchased | Funds Expended | Retained Shares | Monetary Loss |
|---|---|---|---|---|
| Alteryx Investor Group | 14,259 | $2,085,434 | 11,879 | $262,024 |
| *Handal* | *10,000* | *$1,400,000* | *10,000* | *$139,994* |
| *Cardoza* | *1,875* | *$283,761* | *1,875* | *$74,327* |
| *Farnoodymeher* | *2,384* | *$401,673* | *4* | *$47,703* |
| Zhao | 3,236 | $496,141 | 2,686 | $81,156 |
| Patel | 3,200 | $417,482 | 1,600 | $39,581 |
| Ball Group | 716 | $110,918 | 716 | $26,092 |
| *N. Ball* | *125* | *$20,038* | *125* | *$10,167* |
| *R. Ball* | *166* | *$29,834* | *166* | *$10,696* |
| *Kazner* | *425* | *$61,046* | *425* | *$26,092* |

As shown above, the Alteryx Investor Group's financial interest is the largest among the competing movants by any relevant metric.  Indeed, the group purchased more shares, expended more on its purchases, retained more shares, and incurred greater losses when the alleged fraud was revealed than all other competing movants ***combined***. Moreover, one member of the group, Mr. Handal, individually has a larger financial interest by any relevant metric than any competing movant.  *See Suntech*, 2012 WL 5927985, at *2 (holding that a lead plaintiff group had the largest financial interest where an individual member of the group met the largest financial interest requirement "on his own").  As such, the Alteryx Investor Group clearly has the greatest financial interest in this litigation within the meaning of the PSLRA.

### 2. The Alteryx Investor Group Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Alteryx Investor Group has also made the requisite *prima facie* showing that it

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

6

satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, the Alteryx Investor Group's claims satisfy the typicality requirement of Rule 23(a)(3) because its claims in the Related Actions are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See*, *e.g.*, *Vataj*, 2020 WL 532981, at *3. Second, the Alteryx Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the class. *See*, *e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.

The Alteryx Investor Group is an appropriate movant group, the appointment of which is expressly permitted by the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ("the most adequate plaintiff . . . is the person or ***group*** of persons . . .") (emphasis added). The propriety of such groups was recently acknowledged by the Supreme Court in *China Agritech.*, 138 S. Ct. 1800, 1807 n.3 (finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups"). The Alteryx Investor Group has further demonstrated its adequacy via the submission of a Joint Declaration in which the group's members attest to, *inter alia*:

- their personal backgrounds, including employment and investment experience (Dkt. No. 19-4 ¶¶ 2-4);

- their communications with one another and with counsel prior to filing their lead plaintiff motion (*id.* ¶ 5);

- their understanding of the posture of this litigation generally and of the significance of their motion (*id.*);

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

7

- their understanding of the responsibilities of a lead plaintiff (*id.*);

- their approval of Pomerantz and GPM as their proposed lead counsel and the steps they intend to take to supervise their chosen counsel and monitor this litigation (*id.* ¶¶ 5, 8, 12-13); and

- their reasons for seeking appointment as lead plaintiffs (*id.* ¶¶ 6-7).

Court in this Judicial District and the Ninth Circuit routinely consider similar declarations as evidence of a group's cohesiveness and adequacy and appoint such movant groups as lead plaintiffs in similar circumstances. *See*, *e.g.*, *Funko*, 2020 WL 3246328, at *9; *OCZ Tech. Grp.*, 2013 WL 75774, at *3; *Suntech*, 2012 WL 5927985, at *3; *Fitbit*, 2016 WL 2654351, at *7.

To overcome the strong presumption entitling the Alteryx Investor Group to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, the Alteryx Investor Group has further demonstrated its adequacy by selecting Pomerantz and GPM—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently— to serve as Lead Counsel for the Class.

\* \* \* \*

Because the Alteryx Investor Group has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, it is the presumptive "most adequate

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

8

plaintiff" of the Class within the meaning of the PSLRA. Moreover, since the presumption has not been rebutted, the Ateryx Group should be appointed as lead plaintiff.

**B.      The Alteryx Investor Group's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher v. Guess?, Inc.*, No. 01-cv-00871, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001); *see also Fitbit*, 2016 WL 2654351, at *7 (appointing multiple firms as lead counsel and recognizing "courts often approve co-lead counsel where that is the representation structure the lead plaintiff has chosen").

Here, the Alteryx Investor Group has selected Pomerantz and GPM as Lead Counsel for the Class.  As their respective resumes reflect, both firms are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. Nos. 19-5, 19-6.  Thus, the Court may be assured that by approving the Alteryx Investor Group's selection of counsel, the members of the class will receive the best legal representation available.  *See Fitbit*, 2016 WL 2654351, at *7 (approving GPM and Pomerantz as Lead Counsel).

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

9

## III.  CONCLUSION

For the foregoing reasons and for the reasons set forth in its moving brief (Dkt. No. 18), the Alteryx Investor Group respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

Dated:  October 26, 2020

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movants*
*Alejandro Handal, Steven Cardoza, and*
*Homayon Farnoodymeher and Proposed*
*Lead Counsel for the Class*

THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
fcruz@frankcruzlaw.com

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

10

THE SCHALL FIRM
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com

*Additional Counsel*

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

11

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/     *Jennifer Pafiti*
Jennifer Pafiti

THE ALTERYX INVESTOR GROUP'S MOL IN OPP. TO COMPETING LEAD PLAINTIFF MOTIONS
8:20-cv-01540-DOC-JDE; 8:20-cv-01886-DOC-JDE; 8:20-cv-01910-DOC-JDE

12