LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Andrew R. Gray (Bar No. 254594)
  *andrew.gray@lw.com*
  Jordan D. Cook (Bar No. 293394)
  *Jordan.cook@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

*Attorneys for Defendants*
*Alteryx, Inc., Dean A. Stoecker, and*
*Kevin Rubin*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALTERYX, INC. SECURITIES LITIGATION | CASE NO. 8:20-cv-01540 DOC (JDEx) |
| | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
| | Date:       June 21, 2021<br>Time:       8:30 a.m.<br>Courtroom:  9D<br>Judge:      Hon. David O. Carter |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

Pursuant to Ninth Circuit law and Federal Rule of Evidence 201, Defendants Alteryx, Inc. ("Alteryx" or the "Company"), Dean A. Stoecker, and Kevin Rubin (together with Alteryx, "Defendants") respectfully request that the Court find that the documents identified in this Request, which are attached to the Declaration of Jordan D. Cook ("Cook Decl."), are either incorporated by reference into Plaintiffs' Amended Class Action Complaint ("Amended Complaint" or "AC") or the proper subject of judicial notice.  Plaintiffs agree that Exhibits 1, 4, and 8 are incorporated by reference, and have declined to take a position on the remaining exhibits until the Motion to Dismiss is filed.

## I.   LEGAL STANDARD

In ruling on a motion to dismiss brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also*, *e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (C.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").

The incorporation-by-reference doctrine permits the Court to consider documents referenced in Plaintiffs' Amended Complaint even though they are not physically attached to the pleading.  *See Tellabs*, 551 U.S. at 322; *see also In re Diamond Foods, Inc. Sec. Litig.*, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012) ("Under the incorporation by reference doctrine, a court may also consider documents submitted by defendants that were referenced in the complaint and whose authenticity has not been questioned.").  Under this doctrine, documents may be treated "as though they are part of the complaint itself" if the plaintiff "refers extensively to the document or the document forms the basis of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Under Federal Rule of Evidence 201, the Court may take judicial notice of any fact that is "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Orexigen Therapeutics*, 899 F.3d at 999; *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).  Documents that are subject to judicial notice may be considered "without converting a motion to dismiss into a motion for summary judgment."  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

The exhibits submitted in support of the Motion to Dismiss are incorporated by reference into the Amended Complaint, are properly subject to judicial notice under Federal Rule of Evidence 201, or both.

## II.  ARGUMENT

### A.  Exhibits 1-8 Are Extensively Referenced in the Amended Complaint and Are Therefore Incorporated by Reference

The doctrine of incorporation by reference is "designed to prevent artful pleading by plaintiffs."  *Orexigen Therapeutics*, 899 F.3d at 1002.  It "treats certain documents as though they are part of the complaint itself," and in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id.*  The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id.* (*quoting U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents."  *In re NVIDIA*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

*Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Plaintiffs extensively reference a number of Alteryx's public filings in their Amended Complaint and rely on these documents for the basis of their claims, thereby incorporating them by reference. *First*, Plaintiffs quote extensively from Alteryx's Form 8-K filings on February 13, 2020, and May 6, 2020, and from the transcripts of the earnings release conference calls held on the same days, to allege that Alteryx made misstatements regarding its sales practices and financial results. AC ¶¶ 52, 54, 56, 58, 62, 64, 66. Pursuant to meet-and-confer discussions regarding this request for judicial notice, Plaintiffs have agreed that the February 13, 2020 and May 6, 2020 Forms 8-K are incorporated by reference into their Complaint. Cook Decl. ¶ 2. Plaintiffs were unable to take a position as to the transcripts of the earnings release conference calls on February 13, 2020, and May 6, 2020, without considering the manner in which they are used in the motion, but Plaintiffs quoted more than 125 lines of text from these two documents in their Amended Complaint, identifying portions of these transcripts as challenged statements. *Id*. ¶ 2; AC ¶¶ 54, 56, 58, 64, 66. Like the Forms 8-K, these documents are cited in the Motion to Dismiss to provide the full context of the statements at issue in this case.

Similarly, Plaintiffs quote extensively from the transcript of Alteryx's earnings release conference call on August 6, 2020, and Alteryx's quarterly report on Form 10-Q filed on August 7, 2020, alleging that these disclosures "revealed the truth" about the alleged misstatements. *See* AC ¶¶ 45, 46 n.12, 75-76. While Plaintiffs agreed that the Form 10-Q filed on August 7, 2020, is incorporated by reference into their Complaint, they were unable to take a position as to the transcript of the earnings release conference call on August 6, 2020, without considering the manner in which that document is used in Defendants' Motion. Cook Decl. ¶ 2. Plaintiffs' quote the August 6, 2020 earnings release conference call transcript to allege that Alteryx's announcement in that document regarding

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

the use of adoption licenses revealed the truth about the alleged scheme.  AC ¶ 45. Defendants cite the same document to provide the full context of Alteryx's statements about these adoption licenses.  Motion at 9-10.

*Third*, Plaintiffs reference and base their allegations on Alteryx's financial results reported on February 13, 2020, and March 6, 2020.  While Plaintiffs quote Alteryx's press releases providing high-level snapshots of those results (AC ¶¶ 36, 52, 62, 71, 73), the full financial results are set forth in the annual or quarterly report filed the next day—February 14, 2020, and March 7, 2020.  The press releases that Plaintiffs quote specifically note that additional information will be available in the annual or quarterly report and identify that risks and uncertainties related to the financial results are included in the annual and quarterly reports.  *See* Exs. 1, 4.  The February 14, 2020 annual report on Form 10-K and May 7, 2020 quarterly report on Form 10-Q provide the full context of the financial results quoted extensively and challenged in Plaintiffs' Amended Complaint.  *See* AC ¶¶ 52, 62, 71.

Because Plaintiffs' claims are premised upon these eight Alteryx public filings (which are identified in the table below), they "have essentially been adopted" as part of the Amended Complaint and may considered in assessing the Motion to Dismiss.  *See City of Roseville Emples. Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106-07 (E.D. Wash. 2013); *see also, e.g., In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider U.S. Securities & Exchange Commission ("SEC") filings under incorporation-by-reference doctrine); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); *In re Infonet Servs. Corp. Secs. Litig.*, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003) (on motion to dismiss securities fraud claims, "the court may consider the full text of the relevant documents" cited by plaintiffs).

| Exhibits | Citations in AC |
|---|---|
| Exhibit 1: Alteryx's Form 8-K filed with the SEC on February 13, 2020, including Alteryx's February 13, 2020 press release. | AC ¶¶ 52-53 |
| Exhibit 2: Transcript of Alteryx's earnings call for the fourth quarter of 2019, dated February 13, 2020. | AC ¶¶ 54-59 |
| Exhibit 3: Alteryx's Form 10-K for the fiscal year ended December 31, 2019, filed with the SEC on February 14, 2020. | AC ¶¶ 52-53 |
| Exhibit 4: Alteryx's Form 8-K filed with the SEC on May 6, 2020, including Alteryx's May 6, 2020 press release. | AC ¶¶ 36, 62-63, 71-72 |
| Exhibit 5: Transcript of Alteryx's earnings call for the first quarter of 2020, dated May 6, 2020. | AC ¶¶ 64-67 |
| Exhibit 6:  Alteryx's Form 10-Q for the quarterly period ended March 31, 2020, filed with the SEC on May 7, 2020. | AC ¶¶ 36, 62-63, 71-72 |
| Exhibit 7:  Transcript of Alteryx's earnings call for the second quarter of 2020, dated August 6, 2020. | AC ¶ 45 |
| Exhibit 8: Alteryx's Form 10-Q for the quarterly period ended June 30, 2020, filed with the SEC on August 7, 2020. | AC ¶¶ 46 n. 12, 75-76 |

### B.    Exhibits 1-10 Are Subject to Judicial Notice

In addition to being incorporated by reference into Plaintiffs' Amended Complaint, Exhibits 1-8 are the proper subjects of judicial notice under Federal Rule of Evidence 201(b)(2).  Courts routinely take judicial notice of SEC filings

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

like Exhibits 1-8 in considering motions to dismiss securities class action complaints.  *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Waterford Twp. Police and Fire Ret. Sys. v. Mattel Inc.*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. May 24, 2018) (same); *In re Impac Mortg. Holdings, Inc.*, 554 F. Supp. 2d 1083, 1088 n.3 (C.D. Cal. 2008) (taking judicial notice of SEC filings and conference call transcripts, as the documents "reflect matters that are generally known within the jurisdiction of the Court and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Rubie's, LLC v. First Am. Title Co.*,  2020 WL 7388093, at *4 (E.D. Cal. Dec. 16, 2020) (judicial notice proper for documents without questions of authenticity) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Likewise, Exhibits 9-10, listed in the chart below, are properly subject to judicial notice because they involve matters "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2*)*; *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019).

Exhibits 9-10 are publicly available documents cited for the fact of each announcement and its contents.  Exhibit 9 is the Financial Accounting Standards Board's release of ASC 606, which underlies the issues in dispute.  Plaintiffs detail this codification and its impact on reported revenue extensively in their brief.  *See* AC ¶¶ 19, 20, 22, 24, 27.  Exhibit 10 is SEC Guidance regarding appropriate corporate disclosures in response to the COVID-19 pandemic.  Courts may take judicial notice of publicly available documents like these statements of accounting standards and SEC guidance because they are "available on publicly accessible websites, [that] are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned."  *In re Facebook, Inc. Sec.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

*Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of public filings, publicly available transcripts, news articles, blog post, and other publicly available documents); *see Harris*, 682 F.3d at 1132 (noting that a court may take judicial notice of "undisputed matters of public record").  Each of these publicly available documents is the proper subject of judicial notice.

| Exhibits |
| --- |
| Exhibit 9: ASU, 2014-09, Revenue from Contracts with Customers (Topic 606). |
| Exhibit 10:  April 8, 2020 SEC Guidance, entitled "The Importance of Disclosure – For Investors, Markets and Our Fight Against COVID-19." |

**C.    Exhibits 11-13, Forms 4 and Relevant Public Filings Reflecting Defendants' Stock Ownership, Are Properly Considered in Addressing Stock Sale Allegations**

Plaintiffs allege that Defendants' Class-Period stock sales support an inference of scienter.  AC ¶¶ 80-84.  Under Ninth Circuit law, Defendants' stock sales can support an inference of scienter only if they are "dramatically out of line with prior trading practices *at times calculated to maximize the personal benefit from undisclosed inside information*."  *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001).  To determine whether this standard is met, Ninth Circuit courts analyze (1) the amount and percentage of shares sold, (2) the timing of the sales, and (3) whether the sales were consistent with the insider's prior trading history.  *Id.*

Against this legal framework, courts have acknowledged that information regarding a defendants' Class-Period stock transactions used in support of a securities class action complaint is "clearly gleaned" from publicly filed Forms 4 and related required stock ownership disclosures.  *See Silicon Graphics*, 183 F.3d at 986 (Forms 4 properly considered in addressing a motion to dismiss).  The Ninth Circuit has therefore held that when a plaintiff alleges that a defendants' stock sales support an inference of scienter, Forms 4 and the relevant public filings

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

7

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

reflecting a defendants' stock ownership are incorporated by reference into the Complaint. *Id.* (Forms 4 incorporated by reference when stock sales alleged, even if not explicitly referenced in complaint). Other courts have reached the same result by holding that Forms 4 and relevant public filings reflecting stock ownership are the proper subject of judicial notice. *See, e.g., In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (judicial notice of SEC Forms 4 and proxy statements warranted "in order to prove that stock sales were made or were not made"); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4, *8 n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of defendants' Forms 4 even when not referenced in plaintiff's pleading); *Morgan v. AXT, Inc.*, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) (same). Regardless of which doctrine applies, Forms 4 and relevant public filings reflecting a defendants' stock ownership are properly considered on a motion to dismiss. *See Solarcity*, 274 F. Supp. 3d at 988. Exhibits 11 and 12—compilations of Mr. Stoecker and Mr. Rubin's Form 4 filings—and Exhibit 13—Mr. Stoecker's February 10, 2021 Form 13G filing—are therefore properly considered in addressing Plaintiffs' stock sale allegations.

In order to simplify the data provided in the relevant Forms 4 and public filings reflecting a defendants' stock ownership, Defendants have prepared the table attached as Appendix B to the accompanying Cook Declaration. This table is properly considered because it compiles judicially noticeable information from the Forms 4 and relevant public filings reflecting a defendant's stock ownership. *See DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1218 (S.D. Cal. 2001), *aff'd*, 32 F. App'x 260 (9th Cir. 2002) (on motion to dismiss, court may consider chart prepared by defendants' counsel collecting quotations from noticeable documents). Courts frequently consider similar tables along with a motion to dismiss. *See Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1116 n.7 (N.D. Cal. 2003) (taking notice of percentages of total holdings sold by insiders based on the

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

8

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

Forms 4 and other SEC filings from which percentages are calculated); *Head v. NetManage, Inc.*, 1998 WL 917794, at *3 (N.D. Cal. Dec. 30, 1998) (appropriate to take judicial notice of documents showing total holdings and sale patterns); *see also* Fed. R. Evid. 1006 ("[T]he contents of voluminous writings . . . [which] cannot conveniently be examined in court . . . may [be presented in the form of] a chart, summary, or calculation.").

| Exhibits |
| --- |
| Exhibit 11: D. Stoecker's Forms 4 filed with the SEC on February 14, 2020, February 20, 2020, March 17, 2020, April 15, 2020, May 15, 2020, May 20, 2020, June 17, 2020, and July 15, 2020. |
| Exhibit 12: K. Rubin's Forms 4 filed with the SEC on February 19, 2020, March 12, 2020, April 10, 2020, June 8, 2020, July 7, 2020, and August 11, 2020. |
| Exhibit 13:  Schedule 13G for Dean Stoecker, filed with the SEC on February 10, 2021. |

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-13 attached to the Declaration of Jordan D. Cook.

Dated:  March 19, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Michele D. Johnson*

Michele D. Johnson
Colleen C. Smith
Andrew R. Gray
Jordan D. Cook

*Attorneys for Defendants Alteryx, Inc., Dean A. Stoecker, and Kevin Rubin*