Robert V. Prongay (SBN 270796)
Casey E. Sadler (SBN 27421)
Raymond D. Sulentic (SBN 316913)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: csadler@glancylaw.com
Email: rsulentic@glancylaw.com

*Co-Lead Counsel for Plaintiffs*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALTERYX, INC. SECURITIES LITIGATION | Case No. 8:20-cv-01540-DOC-JDE |
| | <u>CLASS ACTION</u> |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| | Judge:      Hon. David O. Carter |
| | Date:       June 21, 2021 |
| | Time:       8:30 a.m. |
| | Courtroom: 9D |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

LEGAL STANDARD .........................................................................................2

ARGUMENT.......................................................................................................3

    A.    The Breadth Of Defendants' Extraneous Document Use Favors Denial Of Defendants' Entire Motion To Dismiss.............................................3

    B.    Exhibits May Not Be Used To Set Forth The Truth Of The Matter Asserted At The Pleading Stage ..............................................................4

        1.    Exhibits 1, 3, 4, And 6 Are Improperly Used To Present Defendants' Version Of The Facts .................................................5

        2.    Exhibits 11, 12, and 13 Should Be Disregarded Because They Improperly Set Forth Affirmative Defenses .................................8

        3.    Exhibit 2, 5, and 7 Should Be Disregarded Because They Are Also Cited For the Truth of the Matter Asserted..........................9

        4.    Exhibit 10 Was Not Incorporated By Reference Nor Relied On In The AC .................................................................................9

    C.    There Was No Agreement Between The Parties To Permit Defendants To Use their Exhibits *As They Have Done* ...........................................10

CONCLUSION..................................................................................................10

i

<u>**TABLE OF AUTHORITIES**</u>

<u>CASES</u>

*DalPoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. Apr. 15, 2020) ....................................................3, 5, 10

*Fabbri v. Wilkinson*,
2019 WL 5781914 (C.D. Cal. Nov. 5, 2019) ...........................................................3

*Glob. Network Commc'ns Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006) ....................................................................7

*In re UTStarcom, Inc., Sec. Litig.*,
617 F. Supp. 2d 964 (N.D. Cal. 2009)............................................................8

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .................................................................passim

*Longo v. OSI Sys., Inc.*,
2020 WL 3124221 (C.D. Cal. Mar. 11, 2020)....................................................2, 3, 8

*Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*,
139 F.3d 906 (9th Cir. 1998) ...................................................................4

*Provenz v. Miller*,
102 F.3d 1478 (9th Cir. 1996) ..................................................................6

*Riley v. Chopra*,
2020 WL 5217154 (C.D. Cal. June 19, 2020)...............................................passim

*Stocke v. Shuffle Master, Inc.*,
615 F. Supp. 2d 1180 (D. Nev. 2009)............................................................9

*Troy Group, Inc. v. Tilson*,
364 F. Supp. 2d 1149 (C.D. Cal. 2005) .........................................................5

*Wks. v. Home Depot U.S.A., Inc.*,
2020 WL 1652539 (C.D. Cal. Jan. 21, 2020).....................................................3

RULES

Fed. R. Civ. P. 12(b)(6) ...............................................................................................2

Fed. R. Evid. 201(b) ................................................................................................4, 5

REGULATIONS

17 C.F.R. § 240.10b5-1(c)(1) ......................................................................................8

Opposition to Request for Judicial Notice          Case No. 8:20-cv-01540-DOC-JDE

**INTRODUCTION**

Defendants seek judicial notice of fifteen[1] documents (Dkt. Nos. 44 & 45) used to support *74 citations to exhibits* in their Motion to Dismiss ("MTD") Plaintiffs' Amended Complaint.  Defendants' claim that 74 external references must be considered at the pleading stage underscores that the issues raised really have nothing to do with deficiencies—real or imagined—within the four corners of the Complaint.  Defendants will have a full opportunity to address such external factual issues at the merits stage.

Defendants' steamroller approach evinces precisely the "concerning pattern in securities cases" recognized by the Ninth Circuit where defendants exploit incorporation-by-reference and judicial notice "procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Defendants improperly treat their Motion to Dismiss as if it were a motion for summary judgment without ever letting Plaintiffs take discovery. *See Riley v. Chopra*, No. CV 18-3371 FMO (SKX), 2020 WL 5217154, at *3 (C.D. Cal. June 19, 2020) (denying motion to dismiss because the accompanying request for judicial notice was improper, noting "the court is persuaded that consideration of such documents and the arguments raised in the pending Motion would be more appropriate at summary judgment.").

The law in the Ninth Circuit following the seminal *Khoja* opinion sharpened the scrutiny on defendants in federal securities cases: many district courts in the Central District cut not just the bloated requests for judicial notice of the type here, but often cleave the *entire* motion to dismiss that they support as a result. *See* § II *infra* (collecting C.D. Cal. cases). This Court should likewise adopt the majority rule and deny Defendants' Request for Judicial Notice ("Defs. RJN") *and* Motion to

---

[1] Consisting of thirteen exhibits and two appendices. *See* Dkt. 44-45.

1

Opposition to Request for Judicial Notice          Case No. 8:20-cv-01540-DOC-JDE

Dismiss because, among other reasons, the Motion to Dismiss is completely hollow without the 74 citations to outside documents.

## LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. There are two exceptions to this general rule: (1) the judicial notice and (2) incorporated by reference doctrines, the use of which the Ninth Circuit took time to "clarify when it is proper to take judicial notice of facts in documents, or to incorporate by reference documents into a complaint, and when it is not." *Id.*[2]

The message from *Khoja* was hardly subtle: the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine [] can lead to unintended and harmful results." *Khoja*, 899 F.3d at 998. "When defendants in securities cases succumb to the 'alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint,' the result can be 'premature dismissals of plausible claims that may turn out to be valid after discovery.'" *Longo v. OSI Sys., Inc.*, No. CV 17-8841 FMO (SKX), 2020 WL 3124221, at *2 (C.D. Cal. Mar. 11, 2020) (citing *Khoja*, 899 F.3d at 998).

---

[2] The *Khoja* decision followed judicial complaints from District Courts regarding the inappropriate misuses of the doctrine. For example, the court in *Hsu v. Puma Biotechnology, Inc.*, lamented that:

> Nowadays, it seems more and more common to come across Rule 12(b)(6) motions to dismiss filed with hundreds of pages of attachments, authenticated through attorney declarations. These declarations will be coupled with a request for judicial notice. That judicial notice will often conflate judicial notice and incorporation by reference. Too often, these mountainous motions make arguments more appropriate for a motion for summary judgment or some other later stage of the case…. Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.

213 F. Supp. 3d 1275, 1281–82 (C.D. Cal. 2016).

2

Opposition to Request for Judicial Notice          Case No. 8:20-cv-01540-DOC-JDE

Since the Ninth Circuit's guidance in *Khoja*—which upended incorporation by reference and judicial notice doctrine in securities cases in the Ninth Circuit— district courts in the Central District of California have not only denied abusive requests for judicial notice of the type here, but also routinely going one step further and ***denied motions to dismiss supported by such flagrantly improper requests***. *See, e.g.*, *Longo* 2020 WL 3124221, at *1 (denying motion to dismiss and instructing defendants, represented by the same defense counsel as here, to file an answer or subsequent motion to dismiss without incorporating *any* documents by reference or attaching *any* exhibits.); *Riley*, 2020 WL 5217154, at *2 (denying motion to dismiss and instructing defendants, ***again represented by the same defense counsel as here,*** to file an answer or subsequent motion to dismiss without incorporating *any* documents by reference or attaching *any* exhibits); *DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKX), 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (observing the specific concern raised by *Khoja*, and denying defendants' request for judicial notice *and* indeed their entire motion to dismiss, and directing the defendants to answer or refile a motion without incorporating any documents by reference or attaching any exhibits); *Wks. v. Home Depot U.S.A., Inc.*, No. CV 19-6780 FMO (ASX), 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020) (denying motion to dismiss and directing defendants to refile with no attached exhibits); *Fabbri v. Wilkinson*, No. CV191643FMOAGRX, 2019 WL 5781914, at *2 (C.D. Cal. Nov. 5, 2019) (denying request for judicial notice *and* motion to dismiss).

## ARGUMENT

### A. The Breadth Of Defendants' Extraneous Document Use Favors Denial Of Defendants' Entire Motion To Dismiss

One factor district courts in this district consider after *Khoja* is the number of documents for which a defendant requests judicial notice. *See, e.g.*, *Fabbri*, 2019 WL 5781914, at *2 (denying request for judicial notice and motion to dismiss,

3

Opposition to Request for Judicial Notice           Case No. 8:20-cv-01540-DOC-JDE

noting "given the number of documents defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment."); *Riley*, 2020 WL 5217154, at *3 (same).

Here, Defendants seek notice of 15 documents (13 exhibits and two appendices), scattered over 74 citations in their Motion to Dismiss. This is just one less document than the district court in the Central District of California found too many for the pleading stage in a post-*Khoja* decision. *See Riley*, 2020 WL 5217154, at *3 ("Given the number of documents defendants ask the court to consider in connection with their Motion, the court is persuaded that consideration of such documents and the arguments raised in the pending Motion would be more appropriate at summary judgment."). The 15 documents here purport to support dismissal of an amended complaint that has a Class Period less than six months long – making Defendants use of so many extraneous documents all the more improper given the short Class Period.

Unsurprisingly, Defendants cite no Central District of California authority decided after *Khoja* in their Request for Judicial Notice. *See* Defs. RJN (*passim*).

**B.    Exhibits May Not Be Used To Set Forth The Truth Of The Matter Asserted At The Pleading Stage**

Rule 201(b) of the Federal Rules of Evidence provides: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Conversely, courts within the Ninth Circuit have repeatedly declared that it is improper for a party to seek judicial notice of documents for the truth of the matter asserted therein. *See, e.g., Nordell Int'l Res., Inc. v. Triton Indonesia, Inc.*, 139 F.3d 906 (9th Cir. 1998) ("Nordell requests that this court take judicial notice of the truth of the facts asserted in the documents it offers here.

Opposition to Request for Judicial Notice            Case No. 8:20-cv-01540-DOC-JDE

We deny Nordell's request."); *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (courts may not take judicial notice of documents for the truth of the facts asserted therein).

Similarly, the Ninth Circuit cautions that "what inferences a court may draw from an incorporated document should also be approached with caution." *Khoja*, 899 F.3d at 1003. It "is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.

As shown below, Defendants cite exhibits for the truth of the matter asserted in contravention to Rule 201(b) and the guidance of *Khoja* throughout their Motion.

### 1.     Exhibits 1, 3, 4, And 6 Are Improperly Used To Present Defendants' Version Of The Facts

Defendants seek Notice of Exhibits 1, 3, 4, and 6 for the truth of the matter asserted, albeit in an indirect and hard to follow way. It is hard to follow because Defendants' loss causation argument cites no particular paragraph in the AC, nor even a particular exhibit, but to an entire section of their motion to dismiss. *See* MTD at 24 (citing § II.B). Such broad citation is itself problematic in a judicial notice inquiry. *Cf*., *DalPoggetto*, 2020 WL 2374948, at *2 ("Because defendants do not identify which facts within the exhibits they ask the court to judicially notice nor do they explain why the court can judicially notice those facts, the court declines to take judicial notice of the documents at issue."); *Riley*, 2020 WL 5 217154, at *2 ("Such a generalized assertion is unpersuasive, particularly where defendants fail to explain which facts within the subject documents they want the court to judicially notice.").

Ultimately, Defendants argue that they "already disclosed" revenue recognition requirements, unbilled but recognized revenue, and expected revenue on existing contracts. *See* MTD at 24 (citing § II.B of their Motion to Dismiss, which in turn cites Exhibits 1, 2, 3, 4, 6, 8, and 9.). And that somehow this meant that the market was aware of the rip-and-replace scheme and its risks for the Company.

5

This is a merits argument that falls short at the pleadings stage as none of the attached documents actually disclose the calculations Defendants state investors should have known to make from them. Second, even if somehow these assorted disclosures revealed Defendants' scheme, they were certainly not transmitted with a "degree of intensity and credibility sufficient to effectively counterbalance any misleading impression created by insider's one-sided representations." *Provenz v. Miller*, 102 F.3d 1478, 1492-93 (9th Cir. 1996). Since it is clear that what Defendants claim the documents disclose is subject to debate, judicial notice is not appropriate. *See Khoja* (judicial notice improper where "[r]easonable people could debate what exactly this conference call disclosed about the Light Study").

Defendants also argue that Alteryx disclosed the non-GAAP metrics "remaining performance obligations" or "RPO" and "contract assets," MTD 5-6 (citing Exhibits 1, 3, 4, and 6), which purportedly can be used in some unspecified way to determine that Alteryx disclosed its rip-and-replace scheme. *See* MTD at 24 (citing § II.B which in turn discusses RPO and contract assets). The premise of this argument (that reasonable minds could not differ as to the interpretation of these various exhibits) is itself unsupported. Even if some combination of RPO and contract assets can be added or subtracted or multiplied or divided (Defendants do not say how or in which combination) to get "front loaded revenue," that contention is true only ***if the truth of the matter asserted*** (*i.e.*, the composition of select Non-GAAP metrics not cited or relied on by the AC) is likewise accepted as true—and even then, a reasonable investor has no warning of the rip-and-replace scheme.

The highly nuanced and technical facts at issue makes resolution unsuitable for determination on the pleadings, and Defendants cannot use judicial notice procedures to "present their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 998-99. It "is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."

6

Opposition to Request for Judicial Notice          Case No. 8:20-cv-01540-DOC-JDE

*Id.* at 1003. This is exactly what Defendants do throughout both motions and establish why the Court should not allow notice of Defendants' exhibits.

For the same reasons, such documents may not be considered incorporated by reference to create disputed factual issues. *Khoja*, 899 F.3d at 1006 ("in seeking incorporation of these documents, Orexigen improperly asked the district court to engage in fact-finding in the course of deciding the sufficiency of the Complaint . . . The district court abused its discretion by incorporating these documents for that improper purpose."). Indeed, Plaintiffs neither cited nor relied on the non-GAAP metrics that Defendants now try to use to dispute well-pleaded Complaint allegations, rendering their request improper. *See id.* at 1003–004, citing with approval, *Glob. Network Commc'ns Inc. v. City of New York,* 458 F.3d 150, 156–157 (2d Cir. 2006) ("finding error where the court relied on documents the complaint did not mention to resolve an issue in defendant's favor, even though the complaint had not raised the issue."). Even so, Defendants ask the Court to reject Ninth Circuit guidance that "what inferences a court may draw from an incorporated document should also be approached with caution," and instead adopt their heavily disputed chain of alternate facts and inferences. *Khoja*, 899 F.3d at 1003.

Apart from the non-GAAP metrics that Defendants would have the Court incorporate – which appear nowhere in the AC – Defendants also use the above exhibits to create factual issues on other metrics and interpretations of those metrics. *Compare* MTD at 14-15 (interpreting Ex. 4 and making factual arguments about whether Defendants adoption licenses is a misleading metric), *with* AC ¶¶ 39-40 (alleging that inclusion of non-recurring contracts shorter than one year long within a metric that purports to represent *annual recurring* revenue is misleading). "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no

7

opportunity to respond to the defendant's new version of the facts." *Khoja*, 899 F.3d at 1003.

### 2. Exhibits 11, 12, and 13 Should Be Disregarded Because They Improperly Set Forth Affirmative Defenses

Exhibits 11 and 12 are improper for either judicial notice or incorporation by reference because they seek to show that Defendants' stock sales were purportedly made under pre-arranged trading plans, which is an affirmative defense inappropriate to adjudicate at this stage. 17 C.F.R. § 240.10b5-1(c)(1); *see In re UTStarcom, Inc., Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) ("[A]lthough evidence of the nondiscretionary nature of Defendants' sales may ultimately provide the basis of an affirmative defense at a later stage of the litigation, it suffices that, at the pleading stage, Plaintiffs have alleged significant and suspiciously timed securities sales.").

Courts routinely reject judicial notice of Form 4s offered for this purpose. *See, e.g., Longo* 2020 WL 3124221, at *1 (denying defendants' request to notice Form 4s, and confirming that such documents cannot be incorporated by reference to support a defense to a well-plead allegation in the complaint).

Defendants also contend that stock sales were "made at regular intervals throughout the Class Period," MTD at 22[3], but "these nuances are irrelevant at the pleading stage." *Khoja*, 899 F.3d at 1006 ("Asking the district court to conclude that the alleged financial incentives were routine went beyond testing the sufficiency of the claims and into the realm of factual disputes. The district court abused its discretion by incorporating these documents for that improper purpose.")

---

[3] Defendants cite Exhibits 11 and 14 and then Exhibits 12 and 14. MTD at 22. Exhibit 14 does not even exist. Defendants only seek Judicial Notice of Exhibits 1 through 13 and two Appendices. If "Exhibit 14" was intended to be "Appendix B", it should be disregarded for the same reasons as Exhibits 11 through 13. "This apparent misstep—although ostensibly inadvertent—highlights another risk in overuse of the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 1005.

Opposition to Request for Judicial Notice        Case No. 8:20-cv-01540-DOC-JDE

Moreover, while Stoecker and Rubin's Form 4s reference a Rule 10b5-1 trading plan, Defendants have not sought to introduce the plan itself, which may contain loopholes allowing them to conceal trades based on inside information. *Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009) ("The Court cannot make such factual findings when considering a motion to dismiss because it must draw all inferences in favor of the non-moving party."). Finally, Defendants rely on the truth of the matter asserted in these documents to argue that the trades are nondiscretionary. Setting aside that it is subject to dispute whether the documents support this contention, this purpose is improper on a motion to dismiss.

### 3. Exhibit 2, 5, and 7 Should Be Disregarded Because They Are Also Cited For the Truth of the Matter Asserted

"It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" *Khoja*, 899 F.3d at 1000. Defendants' actual use of the above transcripts conflict with their purported reasons for citing them. For instance, in their RJN, Defendants purport to cite the above transcripts to "provide context." *See* Defs. RJN at 3. But that is not what Defendants actually cite the transcripts for. *See* MTD at 15 (citing Exhibit 5 to challenge falsity and interpret the transcript). Throughout Defendants' motion to dismiss, the above exhibits are used to provide Defendants' version of the facts which is improper and impermissible under either doctrine.

### 4. Exhibit 10 Was Not Incorporated By Reference Nor Relied On In The AC

Exhibit 10 should not be judicially noticed or considered incorporated by reference in the AC. It was neither referenced nor relied on in the AC and forms no basis for Plaintiffs' claims. *See Khoja*, 899 F.3d at 1005 ("the Complaint did not refer to this document, and the document did not form the basis of any claims. The district court abused its discretion by incorporating it."); *Riley*, 2020 WL 5217154,

at \*2 (declining to incorporate documents cited just once or twice); *DalPoggetto*, 2020 WL 2374948, at \*1 (declining to find document incorporated by reference where only mentioned "a handful of times.").

### C.   There Was No Agreement Between The Parties To Permit Defendants To Use their Exhibits *As They Have Done*

Defendants claim that Plaintiffs agreed that Exhibits 1, 4, and 8 were incorporated by reference into the amended complaint. Defs. RJN at 1. To be clear, Plaintiffs did not make an unconditional agreement on this point since they were not provided a copy of how the documents were to be used. Declaration of Raymond Sulentic ("Sulentic Decl.") ¶3. Plaintiffs specifically advised Defendants that those documents were incorporated by reference "provided that Defendants' motion to dismiss uses these documents within the proper scope of the doctrine." *Id*. ¶4. Defendants did not hold up their end of the agreement. And even if they had, "the court is not bound by any agreement between the parties as to which documents the court will consider under the incorporation by reference doctrine" in any event. *Riley v. Chopra*, 2020 WL 5217154, at \*1 (declining to find documents had been incorporated by reference even with purported agreement between the parties). "The court also declines to incorporate by reference Exhibits 3, 6, and 16, which plaintiffs cited multiple times in their Complaint." *Id*. at \*2.

Thus, even if the Court were to find documents 1, 4, and 8 incorporated by reference, it would still be improper for the Court to permit Defendants to use these documents in the way that they have – including by advancing factual arguments and relying on them for the truth of the matter asserted, among others.

### CONCLUSION

For the above reasons, the Court should deny Defendants' Request for Judicial Notice in its entirety.

10

DATED:  May 7, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Raymond D. Sulentic*
Robert V. Prongay
Casey E. Sadler
Raymond D. Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

**POMERANTZ LLP**
Joshua B. Silverman
Michael Krzywicki
10 South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone: (312) 377-1181

Jennifer Patifi
100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

*Counsel for Alejandro Handal, Steven Cardoza, and Homayon Farnoodymeher and Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (SBN 216587)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

11

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Facsmile: (877) 590-0482
Email: brian@schallfirm.com

*Additional Counsel*

12

Opposition to Request for Judicial Notice          Case No. 8:20-cv-01540-DOC-JDE

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On May 7, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 7, 2021, at Los Angeles, California.

*s/ Casey E. Sadler*
Casey E. Sadler