LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Andrew R. Gray (Bar No. 254594)
  *andrew.gray@lw.com*
  Jordan D. Cook (Bar No. 293394)
  *jordan.cook@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

*Attorneys for Defendants*
*Alteryx, Inc., Dean A. Stoecker, and*
*Kevin Rubin*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALTERYX, INC. SECURITIES LITIGATION | CASE NO. 8:20-cv-01540 DOC (JDEx) |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT ITS MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT** |
| | Date:        June 21, 2021<br>Time:        8:30 a.m.<br>Courtroom:   9D<br>Judge:       Hon. David O. Carter |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................. 4

    A. The Overwhelming Majority of Documents at Issue
    (Exhibits 1-8, 11-13) Are Incorporated by Reference in
    the Complaint ...................................................................................... 4

        1. Plaintiffs Misconstrue the Applicable Legal
        Standard for Incorporation by Reference ................................. 4

        2. The SEC Filings That Are the Basis for Plaintiffs'
        Claims (Exhibits 1-8) Are Properly Incorporated
        by Reference ............................................................................ 7

        3. The Forms 4 and 13G (Exhibits 11-13) Reflect
        Stock Sales That Are Incorporated by Reference in
        the Complaint.......................................................................... 11

    B. Two Additional Legal Guidance Documents (Exhibits 9
    & 10) May Be Judicially Noticed ....................................................... 13

        1. Plaintiffs Do Not Dispute That the Court May
        Consider ASC 606 (Exhibit 9) ................................................ 13

        2. Plaintiffs Do Not Dispute That the Court May
        Take Judicial Notice of SEC Guidance (Exhibit
        10) ........................................................................................... 14

    C. Defendants' Request Is Narrowly Tailored to the
    Complaint........................................................................................... 14

III. CONCLUSION ............................................................................................. 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Amgen Inc. Sec. Litig.*,
544 F. Supp. 2d 1009 (C.D. Cal. 2008)..................................................................... 10

*Azar v. Yelp, Inc.*,
2018 WL 6182756 (N.D. Cal. Nov. 27, 2018)..............................................3, 11

*Briseno v. Conagra Foods, Inc.*,
2011 WL 13128869 (C.D. Cal. Nov. 23, 2011) ...................................................... 14

*DalPoggetto v. Wirecard AG*,
2020 WL 2374948 (C.D. Cal. Apr. 15, 2020)............................................................ 6

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ........................................................... 8

*Fabbri v. Wilkinson*,
2019 WL 5781914 (C.D. Cal. Nov. 5, 2019) ............................................................ 6

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019)..................................................................... 13

*Ferreira v. Funko Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021) ............................................................ 6

*Garcia v. J2 Glob., Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ...........................................6, 10, 14

*Hampton v. Aqua Metals, Inc.*,
2020 WL 6710096 (N.D. Cal. Nov. 16, 2020)........................................................ 12

*Jenkins v. Cnty. of Riverside*,
398 F.3d 1093 (9th Cir. 2005)................................................................................ 13

*Karinski v. Stamps.com, Inc.*,
2020 WL 281716 (C.D. Cal. Jan. 17, 2020).........................................................7, 5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)............................................................................*passim*

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

ii

*Longo v. OSI Sys., Inc.*,
2020 WL 3124221 (C.D. Cal. Mar. 11, 2020) ...................................................6, 11

*In re Mattel, Inc. Sec. Litig.*,
2021 WL 1259405 (C.D. Cal. Jan. 26, 2021), *order clarified*, 472 F. Supp. 3d
747 (C.D. Cal. 2020) .................................................................................6, 10, 15

*In re Merit Med. Sys., Inc. Sec. Litig.*,
2021 WL 1258590 (C.D. Cal. Mar. 16, 2021), *report and recommendation
adopted*, 2021 WL 1753612 (C.D. Cal. May 3, 2021).....................................6, 14

*In re Nektar Therapeutics*,
2020 WL 3962004 (N.D. Cal. July 13, 2020) .......................................................11

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014) ................................................................................7

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015)......................................................12

*Park v. GoPro, Inc.*,
2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) .....................................................13

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ...............................................................................15

*In re Portal Software, Inc. Sec. Litig.*,
2005 WL 1910923 (N.D. Cal. Aug. 10, 2005)........................................................8

*Prodanova v. H.C. Wainwright & Co.*,
2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ........................................................9

*Qureshi v. Countrywide Home Loans, Inc.*,
2010 WL 841669 (N.D. Cal. Mar. 10, 2010) .......................................................13

*Riley v. Chopra*,
2020 WL 5217154 (C.D. Cal. June 19, 2020)........................................................6

*Ronconi v. Larkin*,
253 F.3d 423 (9th Cir. 2001) ...............................................................................12

*In re Silicon Graphics Inc. Sec. Litig.*,
183 F.3d 970 (9th Cir. 1999) ............................................................................3, 11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iii

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011).................................................................13

*Stocke v. Shuffle Master, Inc.*,
   615 F. Supp. 2d 1180 (D. Nev. 2009) ..................................................................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................2, 5

*Troy Grp., Inc. v. Tilson*,
   364 F. Supp. 2d 1149 (C.D. Cal. 2005)................................................................10

*In re UTStarcom, Inc., Sec. Litig.*,
   617 F. Supp. 2d 964 (N.D. Cal. 2009)..................................................................13

*Wenger v. Lumisys, Inc.*,
   2 F. Supp. 2d 1231 (N.D. Cal. 1998)......................................................................8

*Wks. v. Home Depot U.S.A., Inc.*,
   2020 WL 1652539 (C.D. Cal. Jan. 21, 2020)..........................................................6

**STATUTES**

15 U.S.C. § 78u-e(5)..........................................................................................9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

iv

REQUEST FOR JUDICIAL NOTICE ISO
DEFENDANTS' MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

## I.      INTRODUCTION

Plaintiffs argue the Court should not consider the small number of documents Defendants submitted in support of the Motion to Dismiss Amended Complaint ("Mot.") (ECF No. 43) and attached as Exhibits 1-13 to the Declaration of Jordan Cook (ECF No. 44).  Those documents consist of:  (1) Alteryx's filings with the U.S. Securities & Exchange Commission ("SEC") and earnings call transcripts that are cited and quoted extensively in the Complaint and form the basis for Plaintiffs' claims (Exs. 1–8); (2) the Individual Defendants' SEC Forms 4 and 13G reflecting their relevant stock sales, which also form the basis of Plaintiffs' claims; and (3) two regulatory guidance documents.  Request for Judicial Notice & Incorporation of Documents by Reference ("RJN") (ECF No. 45) at 5, 7, 9.  Plaintiffs argue that these documents should not be considered because they go beyond the Complaint and create factual issues not appropriate for consideration on a motion to dismiss.  These arguments should be rejected.

*First*, Plaintiffs entirely misconstrue the controlling legal standard.  The parties agree that *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), is the leading case in the Ninth Circuit addressing incorporation by reference and judicial notice for securities class action cases.  But that is where the agreement ends.  Plaintiffs suggest that *Orexigen* dramatically limits the ability of defendants in securities fraud cases to rely on the incorporation-by-reference doctrine, and they even go so far as to suggest that courts should simply deny motions to dismiss outright whenever a defendant asks a court to consider the actual documents on which a complaint rests.  Opposition to Request for Judicial Notice ("RJN Opp.") (ECF No. 47) at 1-2.  This is not the law.  In *Orexigen*, the Ninth Circuit specifically confirmed that the incorporation-by-reference doctrine has an important place at the pleading stage, citing controlling Supreme Court precedent instructing that "in assessing securities fraud claims, 'courts ***must consider*** the complaint in its entirety, as well as other sources courts ordinarily

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference***, and matters of which a court may take judicial notice.'" 899 F.3d at 998 (citing and quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (emphases added)). This rule makes perfect sense. As the *Orexigen* panel explained, the incorporation-by-reference doctrine is particularly critical in securities cases because it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. That is exactly what Plaintiffs are asking the Court to do here. Plaintiffs want the Court to consider only the portions of the public statements they selected, asserting that those statements were false and misleading by omission, while disregarding the documents that Alteryx investors had and could review that contain those statements and their full context. But this argument is based almost entirely on a handful of decisions issued by *one judge*. These outlier decisions do not reflect the "majority rule" as Plaintiffs assert. RJN Opp. at 1. It is not the rule at all. If it were, it would be nearly impossible for a securities fraud defendant to prevail on a motion to dismiss.

*Second*, applying *Orexigen* correctly, it could not be clearer that Alteryx's five SEC filings (Exs. 1, 3, 4, 6, 8) and three earnings call transcripts (Exs. 2, 5, 7) are incorporated by reference in the Complaint. Not only are they largely quoted extensively throughout, but these are the *very documents* that form the basis of Plaintiffs' claims. For example, as to Exhibit 1, which is Alteryx's February 13, 2020 press release announcing annual results on SEC Form 8-K, Plaintiffs block quote this document on more than a page of the Complaint, and go on to state that the statements quoted "were materially misleading." Amended Complaint ("AC" or "Complaint") (ECF No. 41) ¶¶ 52-53. The same is true for Exhibits 2-6, each of which Plaintiffs base their claims on or quote extensively—spanning more than ten pages of the Complaint—as reflecting the purportedly false statements at issue and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

label as misleading.  AC ¶¶ 36, 52-53 54-59, 62-67, 71-72.  Likewise, Plaintiffs extensively quote Exhibits 4, 7, and 8 as the basis for their claim that investors suffered losses when the purported truth was revealed to the market.  *Id.* ¶¶ 71-73, 75-76.  As *Orexigen* instructs, *any document* that forms the basis of a plaintiff's claim is deemed incorporated by reference.  899 F.3d at 1002.

*Third*, *Orexigen* also supports incorporation by reference of Exhibits 11-13, SEC Forms 4 and Schedule 13G filings reflecting information regarding the Individual Defendants' stock sales.  Here again, Plaintiffs rely on stock sale information from those public materials extensively in the Complaint to assert that those sales were suspicious and support a strong inference of scienter.  AC ¶¶ 80-84 (citing stock trades based on date and amount, and acknowledging the existence of 10b5-1 plans).  And because these allegations form a basis for the claims, incorporation by reference is proper.  Courts within the Ninth Circuit have long recognized this principle.  Having raised questions about these stock sales, Plaintiffs cannot preclude Defendants from referring to the same information in connection with a motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) *superseded by statute on other grounds as recognized in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017) (cited RJN at 7); *see also Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (rulings denying judicial notice of Forms 4 at the dismissal stage are "out of step with the weight of authority in the Ninth Circuit").

*Fourth*, Plaintiffs do not really dispute that judicial notice of Exhibits 9 (ASU, 2014-09 (ASC 606)) and 10 (Apr. 8, 2020 SEC Guidance) is proper. Plaintiffs are silent regarding judicial notice of Exhibit 9, ASC 606.  And as to Exhibit 10, the SEC Guidance, Plaintiffs argue only that this guidance is not incorporated by reference because it is not cited or discussed in the Complaint. That's true, but Defendants did not argue that the SEC Guidance was incorporated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

by reference.  Instead, judicial notice of this type of indisputable regulatory instruction is proper.

Finally, Plaintiffs generally argue that the Court should not consider the two appendices Defendants submitted along with the Motion to Dismiss that summarize the statements (Appendix A) and the stock sales (Appendix B) that form the basis of Plaintiffs' claims.  *See* RJN Opp. at 1.  But nowhere in the brief do they explain *why* those materials should not be considered.  Defendants provided them for the sole purpose of facilitating the Court's review of the issues.  They are not necessary to support dismissal, and the Court may opt to review them in its discretion.

## II.   ARGUMENT

### A.   The Overwhelming Majority of Documents at Issue (Exhibits 1-8, 11-13) Are Incorporated by Reference in the Complaint

#### 1.   Plaintiffs Misconstrue the Applicable Legal Standard for Incorporation by Reference

As an initial matter, after quoting *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016) for the proposition that litigants "often conflate judicial notice and incorporation by reference," Plaintiffs themselves muddle and confuse the standards for incorporation by reference and judicial notice.  *See* RJN Opp. at 2-5 & n.2.  These standards are not the same, and Defendants do not argue that they are.  Instead, incorporation by reference is proper for documents that are referenced in the complaint and indisputably authentic (RJN at 1), whereas judicial notice may be proper for facts or documents whose authenticity and accuracy is not reasonably in dispute (*id.* at 2).  While it is true that many of the documents in this case that were incorporated by reference in the Complaint—public filings by Alteryx with the SEC—are the types of documents that courts in securities cases routinely rely on at the motion to dismiss

stage under one or both of these doctrines, that is no reason to confuse the applicable standards.

Here, Plaintiffs make much of the fact that the standards for incorporation by reference (and judicial notice) were somehow revolutionized by the Ninth Circuit's decision in *Orexigen*, 899 F.3d at 1002.  RJN Opp. at 3.  Specifically, Plaintiffs suggest that the *Orexigen* decision created a "majority rule" prohibiting requests for incorporation by reference in securities cases altogether and denying any motion to dismiss that seeks incorporation by reference.  RJN Opp. at 1-2.  This is wrong.  In *Orexigen*, although the Ninth Circuit panel observed that courts should not permit overzealous requests for incorporation by reference, the court specifically confirmed that the incorporation-by-reference doctrine has an important place at the pleading stage.  899 F.3d at 998.  In fact, the court pointed to controlling Supreme Court authority instructing that "in assessing securities fraud claims, 'courts ***must consider*** the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference***, and matters of which a court may take judicial notice.'"  *Id.* (citing and quoting *Tellabs*, 551 U.S. at 322  (emphases added)).  The court went on to explain that the incorporation-by-reference doctrine is particularly critical in securities cases that are designed to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id.* at 1002.  For that reason, when a complaint includes a lengthy description of or quote from a document, that document is incorporated by reference—even if it is cited only once.  *Id.* at 1004 (holding that blog post that plaintiffs identified once in the complaint but quote at length was incorporated by reference).  Similarly, *any document* that forms the basis of a plaintiff's claim is deemed incorporated by reference whether or not extensively cited.  *Id.* at 1002 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

5

(affirming the incorporation of materials that the complaint did not reference at all)).  Applying these principles, the Ninth Circuit affirmed the district court's conclusion that several documents at issue were, in fact, incorporated by reference. *Id.* at 1003-05.

Plaintiffs disregard the Ninth Circuit's clear direction on this issue, and instead contend that "district courts in the Central District of California" "routinely" deny motions to dismiss that include requests for incorporation by reference (or judicial notice) following the *Orexigen* decision.  RJN Opp. at 3.  But Plaintiffs cite only decisions by a *single* district court judge who has declined to follow *Orexigen*, and instead has instructed in his cases that defendants may only file motions to dismiss "without incorporating any documents by reference or attaching any exhibits."  RJN Opp. at 3 (citing *Longo v. OSI Sys., Inc.*, 2020 WL 3124221 (C.D. Cal. Mar. 11, 2020); *Riley v. Chopra*, 2020 WL 5217154 (C.D. Cal. June 19, 2020); *DalPoggetto v. Wirecard AG*, 2020 WL 2374948 (C.D. Cal. Apr. 15, 2020); *Wks. v. Home Depot U.S.A., Inc.*, 2020 WL 1652539 (C.D. Cal. Jan. 21, 2020); *Fabbri v. Wilkinson*, 2019 WL 5781914 (C.D. Cal. Nov. 5, 2019)).

Contrary to Plaintiffs' suggestion (RJN Opp. at 4), there are numerous decisions by other Central District judges, including this Court, that have permitted incorporation by reference in securities cases at the motion to dismiss stage after (and consistent with) *Orexigen*.  *See, e.g.*, *In re Merit Med. Sys., Inc. Sec. Litig.*, 2021 WL 1258590, at *6 (C.D. Cal. Mar. 16, 2021), *report and recommendation adopted*, 2021 WL 1753612, at *1 (C.D. Cal. May 3, 2021) (Carter, J.) (considering fourteen exhibits at the pleading stage); *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5-6 (C.D. Cal. Mar. 5, 2021) (finding ten SEC filings that contained the alleged misrepresentations, omissions, or corrective disclosures incorporated by reference); *Ferreira v. Funko Inc.*, 2021 WL 880400, at *8-9 (C.D. Cal. Feb. 25, 2021) (finding five SEC filings that contained the alleged misrepresentations or corrective disclosures incorporated by reference); *In re*

*Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (considering twenty-one SEC filings and analyst reports under both the incorporation by reference and judicial notice doctrines), *order clarified*, 472 F. Supp. 3d 747 (C.D. Cal. 2020); *Karinski v. Stamps.com, Inc.*, 2020 WL 281716, at *7 (C.D. Cal. Jan. 17, 2020) (considering thirty-four SEC filings, transcripts, analyst reports, and government records under incorporation by reference and judicial notice doctrines).  Defendants respectfully ask that this Court do the same and apply the incorporation-by-reference doctrine to (1) the SEC filings and investor calls quoted in the Complaint and upon which Plaintiffs' claims rely, and (2) SEC filings reflecting Defendants' stock sales upon which Plaintiffs' scienter claims rely.

**2.    The SEC Filings That Are the Basis for Plaintiffs' Claims (Exhibits 1-8) Are Properly Incorporated by Reference**

Consistent with the Ninth Circuit's direction in *Orexigen*, Defendants submitted full copies of each of the documents Plaintiffs relied on for the statements challenged in the Complaint, including the press releases, earnings release conference calls, and excerpts of the quarterly and annual reports with the challenged revenue, ARR, and guidance statements.  *See* Exs. 1-6.  Defendants also submitted copies of the earnings release conference call and quarterly report that Plaintiffs claim revealed the "truth regarding Alteryx's financial condition." AC ¶¶ 45, 75-76 (quoting Exs. 7-8).  These documents are treated as "part of the complaint itself" in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims while omitting portions of those very documents that weaken—or doom—their claims."  *Orexigen*, 899 F.3d at 1002. Indeed, "once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Plaintiffs acknowledge that Defendants cited these exhibits for the exclusive purpose of pointing to the additional information Alteryx disclosed on the face of these documents, including metrics like "remaining performance obligations" or "contract assets" and warnings about how disclosures like ARR or forward-looking statements should be read.  RJN Opp. at 5-6; *see* Mot. at 6, 14.  Plaintiffs nonetheless argue that this information should not be considered because "Plaintiffs neither cited nor relied on the non-GAAP metrics that Defendants" include in their RJN.  RJN Opp. at 7.  But Plaintiffs' argument misconstrues the scope of the incorporation-by-reference doctrine—incorporation is not limited to only the "metrics" or "statements" that Plaintiffs quote, but rather the full document that is used so that Plaintiffs are prevented from circumventing dismissal by "selecting only portions of documents that support their claims."  *Orexigen*, 899 F.3d at 1002; *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context.").

Similarly, Plaintiffs argue that Exhibits 1, 3, 4, and 6—the SEC filings on Forms 8-K, 10-Q, and 10-K that contain the supposedly misleading statements— should not be considered because whether the additional disclosures included in these documents adequately made the market aware of the alleged risks "is a merits argument."  RJN Opp. at 5-6.  Again, Plaintiffs' argument misses the mark.  When Plaintiffs quote from and reference a document extensively in the Complaint, as here, Ninth Circuit law requires the Court to consider the full context of the document.  *Orexigen*, 899 F.3d at 1002.  For example, a court requires the complete document to properly evaluate whether a forward-looking statement is accompanied by sufficient risk warnings.  *See, e.g.*, *In re Portal Software, Inc. Sec. Litig.*, 2005 WL 1910923, at *4 (N.D. Cal. Aug. 10, 2005) ("[T]he court is required to consider any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant.")

(citation and internal quotation marks omitted)); *Wenger v. Lumisys, Inc*., 2 F. Supp. 2d 1231, 1241-42 (N.D. Cal. 1998) (the PSLRA directs that the court "*shall* consider . . . any cautionary statement accompanying the forward-looking statement") (citing 15 U.S.C. § 78u-e(5)) (emphasis added).  Likewise, the full context would be required to determine whether the omitted information was actually disclosed.  *See Prodanova v. H.C. Wainwright & Co.,* 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (granting judicial notice of SEC filing "to show that [defendants] provided information to the public" as "a response to Plaintiff's contention that Defendants concealed relevant information from the market").

Plaintiffs also offer an improper merits argument.  Specifically, they assert that the numerous disclosures Defendants pointed to in Alteryx's SEC filings and the analyst calls regarding Alteryx's front-loaded revenue recognition, the revenues it had already recorded, and revenues it would record in future quarters do not "actually disclose the calculations" needed to recognize the purported scheme.  RJN Opp. at 5-6.  This assertion is not only wrong on the merits as explained in Defendants' motion to dismiss briefing, but it has no place in briefing regarding whether those disclosures can be *considered* in connection with the motion to dismiss under the incorporation-by-reference doctrine.  It will be for *the Court to decide* whether Plaintiffs have sufficiently pled a scheme that would lead Alteryx over an undisclosed revenue cliff.   That is an entirely separate question from whether the Court can consider the full context of the statements Plaintiffs challenge, which it clearly can under the incorporation-by-reference doctrine.

Plaintiffs also assert that Defendants are using these exhibits to create factual issues regarding the interpretation of disclosed metrics.  RJN Opp. at 7.  There are no facts that require interpretation here.  Instead, Defendants have pointed to specific language in Alteryx's public filings identifying and explaining metrics that were made available to investors.  For example, Plaintiffs focus on Alteryx's citation to its May 6, 2020 8-K (Exhibit 4) to argue that the Court should not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

9

consider the language in that document cautioning investors that "ARR should be viewed independently of revenue" and describing ARR as "the total annual contract value for active customer subscription contracts as of the measurement date." Mot. at 14. Plaintiffs may wish to ignore these disclosures which revealed to investors what ARR is comprised of and how it should be understood, but just because they are not helpful to Plaintiffs' liability theory is not a reason to exclude them. To the contrary, rather than creating factual issues, these disclosures serve the stated purpose of the incorporation-by-reference doctrine, preventing artful pleading by Plaintiffs and ensuring that the Court may consider the full context of the challenged statement at issue. *See Orexigen*, 899 F.3d at 1002.

In the alternative, the Court may take judicial notice of the documents provided at Exhibits 1-8. These are publicly-available documents on file with the SEC, the existence and authenticity of which is not reasonably subject to debate. *See* RJN at 6 (citing cases). Contrary to Plaintiffs' assertion (RJN Opp. at 6-7, 9), Defendants do not seek judicial notice of these documents for the truth of any matters asserted in them, but rather for the purpose of showing the information and disclosures that were made available to investors. RJN at 6; *see also Mattel*, 2021 WL 1259405, at *6 (considering ten judicially noticeable exhibits "to determine 'whether and when certain information was provided to the market'") (quoting *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008)); *Garcia*, 2021 WL 1558331, at *8 (taking judicial notice "of the fact that representations or disclosures were made" in SEC filings). And Plaintiffs' own case law (RJN Opp. at 5) confirms that SEC filings and call transcripts can be considered "for the purpose of determining what statements the documents contain." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (internal quotation marks omitted). That is all that Defendants ask.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

10

### 3. The Forms 4 and 13G (Exhibits 11-13) Reflect Stock Sales That Are Incorporated by Reference in the Complaint

Plaintiffs offer four arguments against incorporation by reference of Exhibits 11-12—SEC Forms 4 reflecting the Individual Defendants' stock sales. RJN Opp. at 8-9. None is correct or compelling. And apart from a blanket header objecting to Exhibit 13, Plaintiffs provide no reasoning whatsoever as to why Stoecker's Schedule 13G is not properly subject to judicial notice. *Id.*

*First*, Plaintiffs argue that the Forms 4 are not properly incorporated by reference because they "improperly set forth affirmative defenses" to their scienter allegations. *Id.* at 8. But Defendants are not offering the public records providing a complete picture of their stock sales as an "affirmative defense." Rather, because *Plaintiffs* allege that these stock sales were somehow suspicious, relying on public records to identify particular sales (AC ¶¶ 80-83), the documents upon which they relied for that information form a basis for their claims and are incorporated by reference. As the Ninth Circuit has observed, having raised questions about defendants' stock sales, securities fraud plaintiffs "can hardly complain" when defendants refer to the same information in connection with a motion to dismiss. *Silicon Graphics*, 183 F.3d at 986 (cited RJN at 7); *see also Azar*, 2018 WL 6182756, at *4 (rulings denying judicial notice of Forms 4 at the dismissal stage are "out of step with the weight of authority in the Ninth Circuit").

*Second*, Plaintiffs argue that courts "routinely reject" judicial notice of Forms 4 at the motion to dismiss stage. RJN Opp. at 8. But here again, Plaintiffs' primary cited authority is a decision issued by a single judge (*Longo*, 2020 WL 3124221), who does not follow the incorporation by reference principles outlined by the Ninth Circuit in *Orexigen*. Plaintiffs have no response for the litany of securities class action decisions, many of which Defendants cited in their request for incorporation by reference, considering SEC Forms 4 to evaluate individual defendants' stock sales. RJN at 7-8 (citing cases); *see also In re Nektar*

*Therapeutics*, 2020 WL 3962004, at \*16 (N.D. Cal. July 13, 2020) (decided after and applying *Orexigen*, and considering SEC filings reflecting that all or half of the defendants' class period stock sales "were made under Rule 10b5-1 trading plans, which also weighs against an inference of scienter"); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*41 (C.D. Cal. Apr. 14, 2015) (considering SEC Forms 4 and concluding that the defendants' stock sales did not support an inference of scienter, granting motion to dismiss).

*Third*, Plaintiffs argue that "nuances" such as whether sales were "made at regular intervals" are irrelevant. RJN Opp. at 8. This, too, ignores Ninth Circuit precedent requiring that Plaintiffs plead stock sales that are "dramatically out of line" with prior trading practices and made at times calculated to maximize the personal benefit from undisclosed inside information to support an inference of scienter. RJN at 7 (citing *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001)). Introducing Forms 4 and other SEC filings through the incorporation-by-reference doctrine to demonstrate that individual sales were not suspicious is routine in courts within the Ninth Circuit, both before and after *Orexigen*. *See id.* at 7-9 (citing cases); *see also Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at \*4 (N.D. Cal. Nov. 16, 2020) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the [complaint's] scienter allegations, and their authenticity is not in question.").

*Fourth*, Plaintiffs assert that it is improper to consider the existence (and the truth) of the 10b5-1 plans reflected in the SEC Forms 4. RJN Opp. at 9. But the cases Plaintiffs cite on this point do not stand for this proposition. Instead, in those cases the courts concluded either that the stock sales did not support scienter so consideration of the 10b5-1 plan was not required (*Stocke v. Shuffle Master, Inc.*, 615 F. Supp. 2d 1180, 1193 (D. Nev. 2009) (cited RJN Opp. at 9) (declining to consider 10b5-1 plan when such plan was entered into during the class period, and nevertheless finding that alleged "suspiciously-timed" stock stales did *not*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

DEFENDANTS' REPLY ISO REQUEST FOR
JUDICIAL NOTICE ISO MOTION TO DISMISS
8:20-cv-01540-DOC-JDE

"independently give rise to an inference of scienter")), or that the volume and timing of sales was suspicious independent of the 10b5-1 plans (*In re UTStarcom, Inc., Sec. Litig.*, 617 F. Supp. 2d 964, 976 n.16 (N.D. Cal. 2009) (cited RJN Opp. at 8) (concluding that allegations that individual defendants sold 98% of holdings at the maximum price were sufficiently suspicious irrespective of the 10b5-1 plans)). On this issue again, the overwhelming majority of courts in securities class actions have considered the existence of 10b5-1 plans reflected in Forms 4 at the motion to dismiss stage. *See, e.g.*, *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (taking judicial notice of Forms 4 "for the purposes of showing that [defendants] had nondiscretionary 10b5-1 stock sales plans"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828–29 (N.D. Cal. 2019) (taking judicial notice of SEC Forms 4 to prove the existence of a Rule 10b5-1 trading plan).

**B.     Two Additional Legal Guidance Documents (Exhibits 9 & 10) May Be Judicially Noticed**

**1.     Plaintiffs Do Not Dispute That the Court May Consider ASC 606 (Exhibit 9)**

Plaintiffs' opposition does not address Defendants' request that the Court take judicial notice of a controlling accounting standard, ASC 606. Ex. 9 (ASU, 2014-09 (Topic 606)). Because Plaintiffs do not address this issue, any opposition to the Court's consideration of this accounting standard is waived. *See, e.g.*, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citing *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (finding plaintiff's failure address issues in opposition brief was tantamount to an "abandonment of those claims").

## 2.     Plaintiffs Do Not Dispute That the Court May Take Judicial Notice of SEC Guidance (Exhibit 10)

As to Exhibit 10—SEC Guidance regarding public company disclosures during the early days of the pandemic, entitled "The Importance of Disclosure – For Investors, Markets, and Our Fight Against COVID-19," issued on April 8, 2020—Plaintiffs argue that it would not be proper to consider this document under the incorporation-by-reference doctrine because it is not referenced in the Complaint. RJN Opp. at 9-10. On this, the parties agree. But Defendants have not taken the position that the SEC's Guidance was incorporated by reference. Instead, Defendants explained that it would be appropriate to take judicial notice of this document because it reflects publicly available regulatory guidance, the existence and accuracy of which is not reasonably in dispute. RJN at 6-7. Plaintiffs offer no argument against judicial notice, which is tantamount to waiver. And, in any event, because the document "is non-binding regulatory guidance disseminated by a regulatory agency," the Court may judicially notice it. *Briseno v. Conagra Foods, Inc.*, 2011 WL 13128869, at \*6 n.18 (C.D. Cal. Nov. 23, 2011).

### C.     Defendants' Request Is Narrowly Tailored to the Complaint

Plaintiffs also argue that the Court should decline to consider any of the thirteen documents Defendants submitted simply based on the number of documents at issue. RJN Opp. at 3-4. In support of this proposition, Plaintiffs cite two opinions issued by a single district court judge with a particular proclivity against the incorporation by reference and judicial notice doctrines. *Id.* (citing cases). But Plaintiffs ignore the wealth of contradictory authority in which the vast majority of courts have correctly applied the incorporation-by-reference doctrine, without regard for the number of documents at issue. *See, e.g.*, *Merit*, 2021 WL 1258590, at \*6 (granting request for incorporation by reference or judicial notice of fourteen exhibits); *Garcia*, 2021 WL 1558331, at \*7 (granting judicial notice as to thirteen documents, and holding an additional ten exhibits were incorporated by

reference); *Mattel*, 2021 WL 1259405, at *6 (twenty-one exhibits incorporated by reference or judicially noticed); *Karinski*, 2020 WL 281716, at *7 (thirty-four documents incorporated by reference or subject to judicial notice).

These principles make perfect sense—the number of documents that are incorporated by reference *is controlled by Plaintiffs*, not Defendants.  And here, as discussed above, *Plaintiffs* incorporated all but two of the documents at issue in the Complaint.  It would make no sense if a securities fraud plaintiff could selectively rely on a large number of documents using them as a sword, while asserting that a defendant cannot point to those same documents because there are too many of them, turning them into a shield to defeat a motion to dismiss.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (observing "the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based").

## III.   CONCLUSION

Defendants accordingly respectfully request that the Court consider Exhibits 1-13, and in its discretion Appendices A and B, attached to the Declaration of Jordan D. Cook for the limited purposes described above and in the Request for Judicial Notice and Incorporation of Documents by Reference in connection with the Motion to Dismiss.

Dated:  June 4, 2021

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Michele D. Johnson*

Michele D. Johnson
Colleen C. Smith
Andrew R. Gray
Jordan D. Cook
*Attorneys for Defendants*
*Alteryx, Inc., Dean A. Stoecker, and Kevin Rubin*